[No. B024375. Second Dist., Div. Six. Dec. 21, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID JAMES HOLDING, Defendant and Appellant.

**COUNSEL**

Martin James Martinez, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, William R. Weisman and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**GILBERT, J.**—Defendant David James Holding appeals the sentence ordered by the trial court after his guilty plea to possession of cocaine (Health & Saf. Code, § 11350) and petit theft (Pen. Code,[1] §§ 484, subd. (a), 666). We affirm and hold that the one-year enhancement for service of a prior prison term was proper. (§ 667.5, subd. (b).)

FACTS

In case No. CR21597, the information alleged that Holding unlawfully possessed cocaine on May 19, 1986. The transcript of the preliminary hearing reflects that Holding was arrested for an unrelated offense and a booking search revealed cocaine and drug paraphernalia in his clothing. The information also alleged that Holding served a prior prison term within section 667.5, subdivision (b) for both discharging a firearm at an occupied vehicle and burglary within the past five years. Holding had received concurrent prison sentences for these 1981 convictions.

In case No. CR21455, the information alleged that Holding unlawfully took merchandise from Lumber City, a building supplies store in Ventura. The probation report reveals that on September 29, 1986, Holding visited Lumber City and secreted merchandise in an outdoor garden area. After the store closed, Holding climbed a fence, entered the garden area and retrieved the hidden merchandise. The information also alleged that Holding suffered a prior burglary conviction and was imprisoned "in a penal institution . . . as a condition of probation for said offense."

Although factually unrelated, cases No. CR21597 and CR21455 were consolidated for sentencing. Holding pleaded guilty to both offenses and admitted serving the prior "jail or prison" terms. The trial judge sentenced Holding to a midterm prison sentence of two years for the cocaine conviction and enhanced this with another year for service of a prior prison term within section 667.5, subdivision (b). He also sentenced Holding to a midterm prison sentence of two years on the petit theft conviction and ordered Holding to serve one-third of this term consecutive to the term on the drug conviction. Holding therefore received a total prison sentence of three years and eight months.

On appeal Holding contends that the trial judge erred by enhancing his sentence for possession of cocaine in case No. CR21597 with one

---
[1] All statutory references, unless stated otherwise, are to the California Penal Code.

additional year for service of a prior prison term because that prior prison term was also an element of felony petit theft in case No. CR21455.

## DISCUSSION

Subdivision (b) of section 667.5 provides in part for a one-year term for each prior separate prison term served within the past five years. Subdivision (g) defines "prior separate prison term" as a continuous period of prison incarceration "alone or in combination with concurrent or consecutive sentences for other crimes . . . ." Section 666 punishes petit theft as a felony providing the defendant has served a term "in any penal institution" or has been imprisoned as a condition of probation for the conviction of burglary, robbery or certain thefts. Holding argues, by analogy to *People* v. *Edwards* (1976) 18 Cal.3d 796, 800 [135 Cal.Rptr. 411, 557 P.2d 995], that the trial judge used the same period of incarceration to both enhance his sentence for possession of cocaine and to punish his theft of merchandise from Lumber City as a felony. He points out that a concurrently served prison term is one prior separate term according to subdivision (g) of section 667.5. (*People* v. *Burke* (1980) 102 Cal.App.3d 932, 943 [163 Cal.Rptr. 4].)

■ Our Supreme Court decided in *People* v. *Edwards, supra,* 18 Cal.3d 796, that a prior conviction may not augment a defendant's sentence when that prior conviction is also an element of the charged offense. Applied to petit theft, a prior prison term may not enhance a defendant's sentence when that same prison term is the basis for felony petit theft. (*People* v. *Ancira* (1985) 164 Cal.App.3d 378, 382 [210 Cal.Rptr. 527].) The statutory proscription against double punishment for the same act compels this result. (§ 654.)

■ These decisions do not pertain here for several reasons. First, the trial judge did *not* enhance Holding's sentence for felony petit theft with a one-year enhancement under section 667.5, subdivision (b) for his prior prison term for burglary. Only the sentence for possession of cocaine was enhanced.

Second, CR21597 and CR21455 were not related factually and were not one course of conduct. The offenses occurred four months apart and the cases were consolidated for sentencing. The proscription of section 654 is inapplicable.

Third, some prior convictions may be charged as an element of felony petit theft and as enhancements under section 667.5, subdivision (b). (*People* v. *Bruno* (1987) 191 Cal.App.3d 1102, 1104 [237 Cal.Rptr. 31].)

Confinement in county jail as a condition of probation, for example, satisfies the confinement element of section 666. Subsequent revocation of probation and confinement in state prison may then enhance a felony petit theft conviction pursuant to section 667.5, subdivision (b). *(Id.,* at p. 1105.) Here the information alleged that Holding was confined in a penal institution "as a condition of probation" and Holding admitted that he served time "in either jail or prison" for his prior burglary conviction. This jail term satisfies the confinement element of section 666 and the prior prison term served for discharging a firearm at an occupied vehicle satisfies the requirements of subdivision (b) of section 667.5.

Fourth, Holding's status as a burglary recidivist within section 666 was established by the prison term for the prior burglary without regard to the concurrent prison term for discharging a firearm at an occupied vehicle. Although the 1981 offenses were served concurrently, the burglary and firearm terms were discrete incidents that could serve both as enhancements or elements of an offense punishing recidivism.

Accordingly, the judgment is affirmed.

Stone, P. J., and Abbe, J., concurred.