[No. B034336. Second Dist., Div. Six. Dec. 8, 1988.]

THE PEOPLE, Plaintiff and Appellant, v.
JOEY J. RODRIGUEZ, Defendant and Respondent.

**COUNSEL**

Michael D. Bradbury, District Attorney, and Michael D. Schwartz, Deputy District Attorney, for Plaintiff and Appellant.

Ken Allen, under appointment by the the Court of Appeal, for Defendant and Respondent.

**OPINION**

**ABBE, J.**—The People appeal an order striking the prior enhancement term (Pen. Code, § 1238, subd. (a)(6) and (10).)[1] The issue presented is whether a single conviction and single period of incarceration for such conviction may be used both to upgrade petit theft from a misdemeanor to a felony under section 666 and to enhance the sentence under section 667.5, subdivision (b). We hold this is proper.

Respondent pled guilty to a 1987 petty theft (§ 484) and admitted he suffered a previous conviction for robbery in 1983 for which he served a separate term in prison. Upon sentencing, the court struck the one-year enhancement term on the ground that to impose the term would be an improper dual use of facts. The court erred. There is no prohibition on the dual use of such facts.

Penal Code section 666 provides in pertinent part: "Every person, who having been convicted of . . . robbery and having served a term therefor in any penal institution . . . is subsequently convicted of petit theft, then the person . . . is punishable by imprisonment . . . in the state prison."

Penal Code section 667.5 states in pertinent part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as

---

[1] All further statutory references are to this code unless otherwise specified.

follows: [¶] . . . . . . . . . . . . . . . . . . . [¶] (b) . . . where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony . . . ."

Penal Code section 654 provides in pertinent part as follows: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions but in no case can it be punished under more than one. . . ." Respondent argues this section prohibits the use of appellant's robbery conviction and imprisonment therefor both to upgrade a petit theft to a felony under section 666 and to enhance the felony sentence by one year under section 667.5. We disagree.

Section 654 applies to an "act or omission," i.e., criminal conduct or neglect. Both sections 666 and 667.5 apply to facts, not acts; they relate to the status of the recidivist offender engaging in criminal conduct, not to the conduct itself. We agree with those courts which hold that section 654 does not apply to such enhancements. (See e.g., *People* v. *Boerner* (1981) 120 Cal.App.3d 506, 511 [174 Cal.Rptr. 629]; *People* v. *Parrish* (1985) 170 Cal.App.3d 336, 344 [217 Cal.Rptr. 700]; *People* v. *Le* (1984) 154 Cal.App.3d 1, 12, fn. 11 [200 Cal.Rptr. 839]; *People* v. *Stiltner* (1982) 132 Cal.App.3d 216, 229 [182 Cal.Rptr. 790]; contra, *People* v. *Hopkins* (1985) 167 Cal.App.3d 110, 117 [212 Cal.Rptr. 888] and cases cited therein.)

In *People* v. *Warriner* (1988) 200 Cal.App.3d 1352, 1355 [247 Cal.Rptr. 197], we held that section 654 is inapplicable to enhancements because they prescribe increased punishment; they do not define an offense. Our dicta to the contrary in the earlier case of *People* v. *Holding* (1987) 197 Cal.App.3d 981 [243 Cal.Rptr. 512], was based on a case since depublished. We therefore disapprove that dicta.

To hold that section 654 applies to enhancements to forbid the dual use of any fact as well as to forbid multiple punishment for any act would render provisions of Penal Code section 1170, subdivision (b) superfluous and negate an amendment thereto. Section 1170, subdivision (b) presently provides in pertinent part that "[t]he court may not impose the upper term by using the fact of any enhancement upon which sentence is imposed under section 667.5 . . . or under any other section of law." If section 654 prohibited all dual uses of fact, this section, along with section 12022, subdivisions (a) and (b), and section 12022.5, subdivisions (a) and (b) would be superfluous.

When section 1170, subdivision (b) was enacted in 1976, it also provided: "In no event shall any fact be used twice to determine, aggravate, or

enhance a sentence." Immediately prior to the effective date of this legislation, this provision of 1170, subdivision (b) was deleted.[2]

This provision would have prohibited the sentences here as the same conviction and prison term is used to "determine" the sentence as a felony and to enhance the sentence. It would be anomalous to apply this rule enacted in 1976 and repealed in 1977 before becoming effective under the guise of interpretation of section 654 which has been in existence since 1872.

Furthermore, both sections here considered were part of the same legislative act in 1976, chapter 1139. Following the 1977 amendment to section 1170, subdivision (b), the literal language requires their application in both instances. We therefore find the Legislature intended to permit a single qualifying conviction and sentence to be used both to make petit theft a felony and to enhance any prison term therefor for the prior prison term. (Accord: *People* v. *Levell* (1988) 201 Cal.App.3d 749 [247 Cal.Rptr. 489]; also see *People* v. *Bruno* (1987) 191 Cal.App.3d 1102, 1107 [237 Cal.Rptr. 31]; contra, *People* v. *Ancira* (1985) 164 Cal.App.3d 378, 382 [210 Cal.Rptr. 527].)

The order striking the 667.5, subdivision (b) enhancement is reversed. The cause is remanded for resentencing.

Stone (S. J.), P. J., and Gilbert, J., concurred.

---

[2] See Statutes 1977, chapter 165, commonly referred to as the Boatwright Cleanup Bill.