[No. S043270. Dec. 21, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT CHRISTOPHER BAIRD, Defendant and Appellant.

## COUNSEL

Jonathan D. Soglin, under appointment by the Supreme Court, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and David D. Salmon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BAXTER, J.**—When a prior felony conviction is used against a defendant to establish the ex-felon element of a charge under section 12021 of the Penal Code[1] (possession of a firearm by an ex-felon), may the *prison term* resulting from that prior conviction be used to enhance the defendant's sentence under section 667.5, subdivision (b) (section 667.5(b))?

The Court of Appeal below concluded that *People* v. *Edwards* (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995] and *People* v. *Wilks* (1978) 21 Cal.3d 460 [146 Cal.Rptr. 364, 578 P.2d 1369] were controlling on this issue. Those cases, which were decided under the former indeterminate sentencing law, held that when a prior conviction is used as an element of a crime, the same *conviction* cannot also be used to increase the minimum sentence for the crime. In addition to finding the rule of those decisions (the *Edwards* rule) applicable, the Court of Appeal also interpreted *People* v. *Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163] (*Jones*)— which concluded as a matter of statutory interpretation that section 667 barred the imposition of cumulative sentence enhancements for a prior conviction under section 667 and a prior prison term under section 667.5(b) based on a single prior felony offense—to preclude the use of a prior prison term to increase the sentence for a current substantive offense whenever the underlying conviction is used to establish an element of that offense.

We conclude the Court of Appeal erred. In our view, the *Edwards* rule has no application here because section 667.5(b) does not permit the mere fact of a prior conviction to increase the sentence for a section 12021 offense. Moreover, *Jones*, *supra*, 5 Cal.4th 1142, did not hold or otherwise suggest that a prior prison term may not enhance the sentence for a current offense where the felony conviction that resulted in the prison term is used to establish an essential element of the offense. We therefore reverse the judgment of the Court of Appeal and remand the matter to that court with directions to resolve a remaining issue consistent with our analysis in *People* v. *Coronado* (1995) 12 Cal.4th 145 [48 Cal.Rptr.2d 77, 906 P.2d 1232].

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 1992, defendant Robert Christopher Baird pleaded guilty to charges of possession of a firearm by an ex-felon (§ 12021, subd. (a)) and spousal battery (§ 273.5, subd. (a)). He also admitted he had served a prior prison term for a felony, burglary, within the meaning of section 667.5(b). The court suspended imposition of the sentence and placed defendant on

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

probation. After defendant violated conditions of his probation, the superior court revoked the probation grant and sentenced defendant to state prison for a total of three years, consisting of the midterm of two years for the firearm possession plus an enhancement of one year under section 667.5(b).

On appeal, defendant contended that the use of the same prior *conviction* to establish the ex-felon element of the charge under section 12021 and to enhance the sentence therefor violates section 654, which bars multiple punishment of an "act or omission." He also contended that such a use is prohibited under *People* v. *Edwards, supra,* 18 Cal.3d 796, *People* v. *Wilks, supra,* 21 Cal.3d 460, and *Jones, supra,* 5 Cal.4th 1142.

Without reaching the section 654 issue, the Court of Appeal agreed with defendant that case law barred imposition of the one-year enhancement. The court concluded that the enhancement must be stricken, but otherwise affirmed the judgment. We granted the People's petition for review.

## II. Discussion

The issue before us is whether *People* v. *Edwards, supra,* 18 Cal.3d 796, *People* v. *Wilks, supra,* 21 Cal.3d 460, or *Jones, supra,* 5 Cal.4th 1142, prohibits the use of a prior prison term to enhance a sentence under section 667.5(b) where the prior conviction that resulted in the prison term is used to establish the ex-felon element of a charge under section 12021.

As pertinent here, section 12021 makes it a felony for any person who has been convicted of a felony under state or federal law to own or to be in possession, custody, or control of a firearm. (§ 12021, subd. (a).) The ex-felon status of a person charged under section 12021 is an element of the offense which must be proved to the trier of fact. (See *People* v. *Bouzas* (1991) 53 Cal.3d 467, 479 [279 Cal.Rptr. 847, 807 P.2d 1076] [contrasting prosecutions under § 12021 and those under § 666 for petit theft with prior theft-related conviction].)

Section 667.5 provides in pertinent part: "Enhancement of prison terms for new offenses because of prior prison terms *shall* be imposed as follows: [¶] . . . [¶] (b) . . . where the new offense is any felony for which a prison sentence is imposed, *in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony*; provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of five years in which the defendant remained free of both prison custody and the commission of an offense which results in a felony conviction." (Italics added.)

Initially we note defendant does not argue that either section 12021 or section 667.5(b) expressly precludes the use of a prior felony conviction to establish the ex-felon element of the substantive offense (§ 12021), and the simultaneous use of the prior prison term served for that same prior conviction to enhance the sentence therefor under section 667.5(b). Rather, defendant relies upon decisional law and the principle that legislative enactments should not be construed to overthrow long-established principles of law unless such an intention is clearly shown. (See *People* v. *Pitts* (1990) 223 Cal.App.3d 606, 870 [273 Cal.Rptr. 757].)

Prior to the effective date of the determinate sentencing law (July 1, 1977), it was clear that a trial court could not rely upon a defendant's prior felony *conviction* to augment a sentence under former section 3024, subdivision (c)[2] where the same conviction had been used to establish the ex-felon element of an offense under section 12021. This was the rule expressed in *People* v. *Edwards, supra,* 18 Cal.3d 796 and in *People* v. *Wilks, supra,* 21 Cal.3d 460. In *People* v. *Edwards, supra,* 18 Cal.3d 796, a defendant was convicted of possession of a firearm by a felon under section 12021. A prior conviction for selling marijuana served as the basis for the ex-felon element of the possession charge. (18 Cal.3d at pp. 799-800.) The trial court purported to augment the defendant's sentence pursuant to former section 3024, which at the time provided for increased minimum terms for persons previously convicted of a felony. In concluding the additional punishment must be stricken, *People* v. *Edwards, supra,* explained: "The court's reliance on defendant's prior conviction for the dual purpose of augmenting sentence and providing an essential element of the charged offense . . . runs afoul of the established rule that when a prior conviction constitutes an element of criminal conduct which otherwise would be noncriminal, the minimum sentence may not be increased because of the *indispensable* prior conviction." (18 Cal.3d at p. 800, italics added.) Similarly, *People* v. *Wilks, supra,* found the trial court erred in allowing the same prior conviction to be used both as an element of an substantive offense under section 12021 and to enhance punishment for that same offense. (21 Cal.3d at p. 470.)

Effective July 1, 1977, the Uniform Determinate Sentencing Act of 1976 became law (Stats. 1976, ch. 1139), and former section 3024 was repealed (Stats. 1976, ch. 1139, § 279, p. 5151). Section 667.5(b) was enacted as part of the new law. (Stats. 1976, ch. 1139, § 268, pp. 5137-5139.)

---

[2]Former section 3024 provided in relevant part: "The following shall be the minimum term of sentence and imprisonment in certain cases, notwithstanding any other provision of this code, or any provision of law specifying a lesser sentence: [¶] . . . [¶] (c) For a person *previously convicted of a felony* . . . two years." (Stats. 1957, ch. 1617, § 3, p. 2964, italics added, repealed by Stats. 1976, ch. 1139, § 279, p. 5151, operative July 1, 1977.)

After former section 3024's repeal and prior to our decision in *Jones*, *supra*, 5 Cal.4th 1142, a number of appellate courts concluded that the enactment of the determinate sentencing law abrogated the *Edwards* rule. (E.g., *People* v. *Price* (1992) 4 Cal.App.4th 1272, 1278 [6 Cal.Rptr.2d 263]; *People* v. *Rodriguez* (1988) 206 Cal.App.3d 517, 519-520 [253 Cal.Rptr. 633]; *People* v. *Levell* (1988) 201 Cal.App.3d 749, 752 [247 Cal.Rptr. 489]; *People* v. *Bruno* (1987) 191 Cal.App.3d 1102, 1106-1107 [237 Cal.Rptr. 31].)[3] For the most part, those courts found it significant that the Legislature deleted the following sentence from the final version of section 1170, subdivision (b), prior to its operative date: "In no event shall any fact be used twice to determine, aggravate, or enhance a sentence." (Stats. 1977, ch. 165, § 15, p. 647.) In their view, this sentence was to have codified the *Edwards* rule; thus its deletion reflected legislative intent to eliminate the rule. (*People* v. *Price, supra*, 4 Cal.App.4th at p. 1278; *People* v. *Rodriguez, supra*, 206 Cal.App.3d at pp. 519-520; *People* v. *Levell, supra*, 201 Cal.App.3d at p. 752; *People* v. *Bruno, supra*, 191 Cal.App.3d at pp. 1106-1107.)

The Court of Appeal in this case disagreed with the above authorities. In questioning whether the deleted language was intended to codify the *Edwards* rule, the court quoted the following passage from *People* v. *Darwin, supra*, 12 Cal.App.4th at pages 1103-1104: "The holding in *Edwards* was that if a prior conviction is an 'element' of an offense, the prior may not be used for sentence enhancement. [Citation.] The later-deleted sentence in the original version of section 1170 did not address the dual use of a prior as an element of an offense and for sentence enhancement, but merely addressed sentencing, stating that a fact could not be used twice to 'determine, aggravate, or enhance a sentence.' These two points are not the same. Thus, the legislative action did not abrogate the *Edwards* rule."[4] The Court of Appeal then concluded that even if the original language meant to codify the *Edwards* rule, it could not be reasonably inferred from its deletion that the Legislature had intended to overrule the case sub silentio.

In our view, *People* v. *Edwards, supra*, 18 Cal.3d 796 and *People* v. *Wilks, supra*, 21 Cal.3d 460, simply have no direct bearing on the issue at hand.

---

[3] These cases rejected the *Edwards* rule in the context of deciding that when a prior conviction is used to establish a felony offense under section 666 (petit theft with a prior), the resulting incarceration may be utilized for enhancement purposes. Although one appellate court initially concluded that the *Edwards* rule was applicable in that context (*People* v. *Ancira* (1985) 164 Cal.App.3d 378 [210 Cal.Rptr. 527]), the same court eventually repudiated that conclusion in *People* v. *Darwin* (1993) 12 Cal.App.4th 1101, 1104 [15 Cal.Rptr.2d 894].

[4] *People* v. *Darwin, supra*, went on to hold, however, that the *Edwards* rule, while not abrogated, does not apply when a prior conviction is used as a sentencing factor under section 666. (12 Cal.App.4th at p. 1104.)

Those cases stand for the proposition that when a prior conviction is used as an element of a crime (e.g., § 12021), the same *conviction* cannot also be used to increase the minimum sentence for the crime. That principle is not implicated here. Section 667.5(b) does not permit the mere fact of a prior conviction to increase the sentence for a section 12021 offense. Rather, section 667.5(b) authorizes additional punishment only if the additional factor of prison incarceration for the prior conviction is established.

In this regard, we find the following reasoning in *People* v. *Gaines* (1980) 112 Cal.App.3d 508 [169 Cal.Rptr. 381] (*Gaines*) persuasive: "Whereas former section 3024 prescribed a minimum term of imprisonment for a person 'previously convicted of a felony,' section 667.5, subdivision (b), now provides for the imposition of a one-year sentence enhancement for 'each prior separate prison term served' for any felony. The Attorney General argues that the 'double use of facts' argument cannot be made under section 667.5, subdivision (b), because it is the prior 'conviction' which constitutes an essential element of the crime of possession of a firearm by a felon, whereas it is the 'prison term served' for the prior felony which triggers the enhancement prescribed by section 667.5, subdivision (b). The distinction between a prior felony conviction and a separate prison term served for such felony is obvious. A prior felony conviction could well have resulted in something less than confinement in the state prison, in which event no enhancement would be called for under section 667.5, subdivision (b)." (*Gaines, supra,* 112 Cal.App.3d at p. 516; see also *People* v. *Faught* (1981) 124 Cal.App.3d 848, 860 [177 Cal.Rptr. 637].) In short, the *Edwards* rule is not impinged upon where, as here, a fact (i.e., the service of a prior prison term) that is not integral or indispensable to an element of section 12021 (i.e., a prior felony conviction) is used to enhance a sentence therefor.

In rejecting the above analysis, the Court of Appeal interpreted *Jones, supra,* 5 Cal.4th 1142, as compelling the conclusion that section 667.5(b) punishes a defendant for the fact of the underlying conviction and not for the service of the prior prison term for purposes of assessing whether an improper dual use of facts has occurred. As we shall demonstrate, that interpretation is wrong.

*Jones* addressed the issue whether section 667, enacted by the voters in 1982 as part of Proposition 8,[5] permitted the imposition of cumulative sentence enhancements for a prior conviction under section 667 and a prior

---

[5]When *Jones, supra,* 5 Cal.4th 1142, was decided, section 667 provided in pertinent part: " '[¶] (a) In compliance with subdivision (b) of Section 1385, any person convicted of a serious felony . . . who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any

prison term under section 667.5(b), based on a single prior felony offense (there, kidnapping). *Jones* determined, as a preliminary matter, that sections 667 and 667.5(b) do not identify and punish differently situated individuals for purposes of deciding whether a defendant may be exposed to the two enhancements for the same prior offense. (*Jones, supra,* 5 Cal.4th at pp. 1148-1149.) That determination was based upon the analysis in *People* v. *Prather* (1990) 50 Cal.3d 428, 439-440 [267 Cal.Rptr. 605, 787 P.2d 1012], which concluded that "prior prison term" enhancements imposed pursuant to section 667.5(b) are "prior felony conviction" enhancements within the meaning of article I, section 28, subdivision (f), of the California Constitution, and by operation of that constitutional provision are exempt from the double-the-base-term limitation contained in section 1170.1, subdivision (g).

After finding that both enhancements applied to the same facts at issue, *Jones* applied principles of statutory interpretation to determine that the most reasonable reading of section 667 is that when multiple statutory enhancement provisions are available for the same prior offense, one of which is a section 667 enhancement, only the greater enhancement may apply. (5 Cal.4th at p. 1150.) Since its statutory construction of section 667 resolved the matter favorably to the defendant, *Jones* declined to address whether section 654's prohibition against dual punishment is applicable to enhancements. (5 Cal.4th at p. 1152.)

In concluding that the *Gaines* analysis was discredited, the Court of Appeal placed heavy emphasis on the statement in *Jones* that the distinction between prior prison terms and prior felonies for enhancement purposes was " 'untenable' and, by inference, 'hypertechnical' and ' "supertechnical." ' " (*Jones, supra,* 5 Cal.4th at p. 1148; see also *People* v. *Prather, supra,* 50 Cal.3d at pp. 439-440.) Relying upon this language, the court determined that *Gaines, supra,* 112 Cal.App.3d 508, had been disapproved to the extent it relied on the rationale that a section 667.5(b) enhancement is based upon the fact of the prior prison term and not the underlying conviction.

The Court of Appeal misapprehended the true nature and scope of our decision in *Jones.* As that opinion makes clear, *Jones* specifically based its holding upon a statutory construction of section 667. (5 Cal.4th at pp. 1149-1152.) Although *Jones* determined that enhancements under section

---

serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively. [¶] (b) This section shall not be applied when the punishment imposed under other provisions of law would result in a longer term of imprisonment. There is no requirement of prior incarceration or commitment for this section to apply.' " (§ 667, as quoted in *Jones, supra,* 5 Cal.4th at p. 1146.)

667 and section 667.5(b) "apply to the same facts" for purposes of analyzing section 667 (5 Cal.4th at p. 1149), *Jones* did not suggest that prior convictions and prior prison terms must be viewed as always applying to the same facts regardless of context. Nor did *Jones* disapprove of certain meaningful distinctions that had been judicially drawn between prior convictions and prior prison terms.

Rather, in focusing upon the electorate's intent in enacting section 667, *Jones* emphasized that almost all prior convictions justifying enhancement under section 667 would entail a prior prison term: "If a prior felony is 'violent' enough to qualify for an enhancement under section 667.5, it will a fortiori be noxious enough to qualify as 'serious' under subdivision (a) of section 667, and will almost always have resulted in a prison term. The result is that five-year enhancements will become eight-year enhancements *in all but a very few cases*." (5 Cal.4th at p. 1150, italics added.) Recognizing that the defendant there received not the three-year enhancement under section 667.5, subdivision (a), but rather a one-year enhancement under section 667.5(b), *Jones* concluded: "Just as it would be anomalous for the law to impose an eight-year enhancement when the voters specified five, so also would it be for the law to impose a six-year enhancement when the voters specified five." (5 Cal.4th at p. 1150, fn. omitted.) To avoid that result, *Jones* construed section 667 to bar the cumulative imposition of both enhancements.

Unlike the particular situation in *Jones*, it cannot be said that all or nearly all felony convictions used to establish the ex-felon element of a section 12021 violation will have resulted in the service of a prior prison term. In other words, there is no danger that the sixteen-month, two-year and three-year state prison terms prescribed by law for violations of section 12021 (see § 18) will become twenty-eight-month, three-year and four-year terms "in all but a very few cases." (Compare with *Jones, supra,* 5 Cal.4th at p. 1150.) Because a one-year enhancement applies only in those cases where a prior conviction resulted in a prior prison term, no anomaly of the sort in *Jones* is threatened.[6] Accordingly, the Court of Appeal erred in relying upon that decision to find a prohibited dual use of facts.

---

[6]Relying on certain reports which are outside the record and were not considered by the Legislature in enacting sections 12021 and 667.5(b), Justice Kennard claims that over half of those convicted of felonies in 1993 served a prison term therefor. (Dis. opn., *post,* at pp. 142-143 & fn. 2.) We find such reports are irrelevant to the issue of legislative intent and we seriously question whether the percentage of felons who served prison terms for their convictions has been accurately extrapolated therefrom. However, even if we were to accept Justice Kennard's calculations as both relevant and correct for purposes of argument, the "fact" that nearly half of those convicted of felonies in 1993 did not serve a prison term for their convictions (see dis. opn., *post,* at p. 142) supports our conclusion that the service of a

We address one other point. As part of its analysis, the Court of Appeal concluded that if the Legislature had truly intended to permit a section 667.5(b) enhancement under the circumstances of this case, it could have clearly expressed its intent as it did with enhancements under section 12022.5, subdivision (d). That provision expressly authorizes enhancements for the personal use of a firearm in cases where the defendant has been convicted of assault with a deadly weapon by means of a firearm.[7] We find this reasoning flawed.

Considered as a whole, section 12022.5 does not support the Court of Appeal's position. In particular, subdivision (a) of section 12022.5 states explicitly that, except as otherwise provided, "any person who personally uses a firearm in the commission or attempted commission of a felony shall, upon conviction of that felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for 3, 4, or 10 years, *unless use of a firearm is an element of the offense of which he or she was convicted.* . . ." (Italics added.) Subdivision (d) of section 12022.5, upon which the Court of Appeal relied, merely lists exceptions to subdivision (a)'s specific prohibition on dual use.[8] (See *People* v. *Martinez* (1987) 194 Cal.App.3d 15, 18-19 [239 Cal.Rptr. 272] [interpreting similar version of § 12022.5 as amended by Stats. 1982, ch. 1404, p. 5358].)

In contrast, the relevant statutes here contain no express proscription like that in subdivision (a) of section 12022.5. Hence, the absence of a provision similar to that in section 12022.5, subdivision (d), is of no significance. If anything, we may infer from the prohibitive language in section 12022.5, subdivision (a) that, if the Legislature had actually intended to forbid a perceived dual use in the context of prior prison term enhancements for

prison term is neither integral nor indispensable to a felony conviction. We therefore are satisfied that our holding poses no conflict with *Jones, supra,* 5 Cal.4th 1142, the *Edwards* rule, or *In re Shull* (1944) 23 Cal.2d 745 [146 P.2d 417].

[7]Section 12022.5, subdivision (d), provides in full: "The additional term provided by this section may be imposed in cases of assault with a firearm under paragraph (2) of subdivision (a) of Section 245, or assault with a deadly weapon which is a firearm under Section 245, or murder if the killing was perpetrated by means of shooting a firearm from a motor vehicle, intentionally at another person outside of the vehicle with the intent to inflict great bodily injury or death."

[8]Unlike the Court of Appeal, defendant appears to place more emphasis on previous versions of section 12022.5 (Stats. 1976, ch. 1139, § 305, p. 5162, operative July 1, 1977; Stats. 1977, ch. 165, § 92, p. 678, operative July 1, 1977), as well as a predecessor statute (Stats. 1969, ch. 954, § 1, pp. 1900-1901). We have reviewed these earlier enactments, but find they do not aid defendant's position.

convictions under section 12021, it could have and would have invoked analogously· appropriate language in section 12021 or section 667.5(b).[9]

### III. DISPOSITION

Because it erroneously concluded that the prior prison term enhancement must be stricken under *People* v. *Edwards, supra,* 18 Cal.3d 796, *People* v. *Wilks, supra,* 21 Cal.3d 460, and *Jones, supra,* 5 Cal.4th 1142, the Court of Appeal did not consider defendant's alternative argument that the enhancement was otherwise barred under section 654. That issue is analyzed and decided in the companion case of *People* v. *Coronado.* We therefore reverse the judgment of the Court of Appeal and remand the matter with directions to resolve the section 654 issue consistent with that decision.

Lucas, C. J., Arabian, J., George, J., and Werdegar, J., concurred.

**KENNARD, J.,** Dissenting.—May a single prior felony conviction be used both to establish an element of a charged offense (here, the offense of possession of firearm by a person previously convicted of a felony) and to support a prior prison term enhancement (that is, the imposition of an additional and consecutive prison term when the person committing a felony has previously served a term in state prison)? The majority holds that it may. I disagree.

In brief, using a single prior conviction both to establish an element of a charged offense and to support a prior prison term enhancement for that offense violates an established rule of statutory construction that a single fact may not be used both to establish an element of an offense and to increase the punishment for that offense. The majority attempts to escape from this rule by drawing a distinction between increased punishment for a prior *conviction* and increased punishment for a prior *prison term,* but the majority's reasoning is irreconcilable with prior decisions of this court rejecting

---

[9]In a final attempt to illustrate the point that the *Edwards* rule remains applicable unless the Legislature clearly expresses a contrary intention, defendant cites to Health and Safety Code section 11370.2, which expressly authorizes sentence enhancements for persons with certain drug-related prior convictions in addition to any other punishment authorized by law, including enhancements under section 667.5. We reject this argument. First, as explained above, the imposition of a prior *prison term* enhancement does not violate the *Edwards* rule, which prohibited the use of the same prior *conviction* to establish the ex-felon element for a section 12021 offense and to increase the minimum sentence therefor. Second, because Health and Safety Code section 11370.2 concerns sentence enhancements for substantive offenses not requiring proof of a prior conviction as an element, defendant's attempted analogy is off the mark.

that same distinction as "untenable" and "hypertechnical." Consistent with those prior decisions, I would apply the established rule here to bar imposition of the additional term for the prior prison term.

I

Defendant Baird pleaded guilty to possession of a firearm after having been convicted of a felony (Pen. Code, § 12021, subd. (a)). He admitted an allegation that he had served a prison term for a felony (*id.*, § 667.5). The superior court granted defendant probation, but later the court revoked probation after defendant violated certain conditions of the probation. The court then sentenced defendant to a prison term of two years for the illegal weapons possession offense. The court added an additional and consecutive one-year term as a sentence "enhancement" based on defendant's admission of the prior prison term allegation, making a total aggregate prison term of three years. Defendant appealed.

The Court of Appeal struck the one-year enhancement for the prior prison term, agreeing with defendant that it was improper to increase defendant's sentence because he had served a prison term for the same prior conviction used to establish an element of the firearm possession charge. The Court of Appeal concluded, first, that a single prior felony conviction may not be used both to establish an element of the charged offense and to establish an element of a sentence enhancement and, second, that a prior felony conviction is essentially an "element" of the prior prison term enhancement.

This court granted the People's petition for review.

II

As authority for the proposition that a prior felony conviction may not be used both to establish an element of a charged offense and to increase the punishment for that same offense, the Court of Appeal cited this court's decision in *People* v. *Edwards* (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995]. In that case, a jury had convicted the defendant of firearm possession by a convicted felon (the same offense at issue here), and the superior court had "augmented" his sentence (that is, it had imposed an increased minimum term) because he had previously been convicted of a felony. The primary issue before this court was whether the superior court was required to give reasons for rejecting a probation recommendation in a presentence report. Before addressing that issue, this court took a single

paragraph to dispose of what we characterized as "an obvious error in sentencing." (*Id.* at p. 800.) We said that using the same prior conviction both to establish an element of the offense and to increase the punishment for that same offense "runs afoul of the established rule that when a prior conviction constitutes an element of criminal conduct which otherwise would be noncriminal, the minimum sentence may not be increased because of the indispensable prior conviction." (*Ibid.*) This court did not explain the legal basis of the "established rule," but we did cite four earlier cases as authority for the rule, one of these being *In re Shull* (1944) 23 Cal.2d 745 [146 P.2d 417]. An examination of this court's decision in *Shull* sheds light on the analytical basis of the rule.

*Shull* was a proceeding in habeas corpus by a prisoner who contended that he was entitled to release because he had completed his term. (*In re Shull, supra,* 23 Cal.2d 745, 747.) The prisoner had been convicted of assault with a deadly weapon (Pen. Code, § 245) and had completed the term of imprisonment for that crime. The issue was whether he should be required to also serve a separate and additional term, under section 3 of the Deadly Weapons Act (Stats. 1923, ch. 339, p. 695 et seq.), for committing a felony while armed with any of certain statutorily enumerated deadly weapons. Ruling that the prisoner should not be required to serve the additional term, we said:

"We do not believe, however, that the Legislature intended that section 3 of the Deadly Weapons Act should be applied where the felony of which the person stands convicted is that of assault with a pistol under section 245 of the Penal Code. . . . It is apparent that section 245 of the Penal Code is a specific provision. It defines and determines the punishment for a specific kind of a crime, assault with a deadly weapon, in the instant case, a pistol. On the other hand, section 3 of the Deadly Weapons Act which imposes the additional penalty refers to no particular crime, but purports to require an added punishment for felonies generally where the one committing the same is armed with a pistol or the other weapons designated therein and in section 1. It is the general rule that a special statute controls over a general statute. [Citation.] It is not unreasonable to suppose that the Legislature believed that for felonies in which the use of a gun was not one of the essential factors, such as rape, larceny, and the like, an added penalty should be imposed by reason of the fact that the defendant being armed with such a weapon would probably be more dangerous because of the probability of death or physical injury being inflicted by the weapon. Hence, such a condition would be reasonable grounds for increasing the penalty where felonies are involved which do not include as a necessary element being armed with a pistol. . . . Briefly, the Legislature has fixed the punishment for an assault where a deadly weapon is used, a particular crime, and it is not to be supposed that

for the same offense without any additional factor existing the added punishment should be imposed." (*In re Shull, supra,* 23 Cal.2d 745, 749-751.)

Thus, the "established rule" prohibiting use of a single fact to both establish an element of a crime and increase the punishment for the same crime is a rule of legislative intent. It is based on the commonsense idea that when a fact, such as a defendant's prior felony conviction, is part of the definition of a crime, the punishment specified for that crime already takes that fact into account. Because the fact has already been fully taken into account in the punishment statutorily prescribed for the crime, the Legislature presumably does not intend that the statutorily prescribed punishment be further increased, under a more general statute, for the very same fact "without any additional factor existing." (*In re Shull, supra,* 23 Cal.2d 745, 751).

This reasoning presupposes a model of criminal punishment in which determining the proper sentence for a defendant convicted of one or more crimes is analogous to what an accountant does when preparing a financial statement for an individual or corporation. To accurately portray the client's financial position, the accountant must count each asset or liability once and only once. If an asset were to be counted more than once, the total on the credit side would be exaggerated and inaccurate. If a liability were counted more than once, the debit side of the statement would be similarly inaccurate and exaggerated. So also with the "accounting" that goes into a sentence calculation. Ideally, to accurately assess the defendant's culpability, each relevant aggravating and mitigating circumstance should be counted once, but only once. Any "double counting," on either the aggravating or mitigating side, or any omission, will yield a distorted and inaccurate picture of the defendant's culpability.

In fact, the prohibition against "dual use" or "double counting" runs throughout our sentencing law. One example is found in Penal Code section 654, which states that when an act or omission "is made punishable in different ways by different provisions" of the Penal Code, it "may be punished under either of such provisions, but in no case can it be punished under more than one." Another example of the "dual use" prohibition is found in Penal Code section 1170, subdivision (b), which specifies that "the fact of any enhancement" may not be used to impose the upper term. The same prohibition appears in rule 420(c) of the California Rules of Court. A companion provision, rule 420(d) states that a "fact" that is an element of the crime may not be used to impose the upper term. Finally, there is the judge-made rule of statutory construction, already discussed, that when a prior conviction is an element of the offense, it may not also be used to

increase punishment. (*People* v. *Edwards, supra,* 18 Cal.3d 796, 800; see also *People* v. *Wilks* (1978) 21 Cal.3d 460, 470 [146 Cal.Rptr. 364, 578 P.2d 1369].) In a few instances, however, the Legislature has expressly permitted double counting. (See Pen. Code, § 12022.5, subd. (d) [firearm use enhancement may be imposed for the offenses of assault with a firearm, assault with a deadly weapon, or murder by shooting from a motor vehicle]; Health & Saf. Code, § 11370.2, subds. (b) & (c) [prior drug offense enhancement may be imposed along with prior prison term enhancement].) These provisions show that the Legislature knows how to carve out an exception to the general dual-use prohibition when it wishes to do so.[1]

Hard questions are presented in applying the dual use prohibition when there is an area of partial overlap—that is, when the statutory definition of a crime and the requirements of a penalty-increasing provision (or the requirements of two such penalty provisions) share a common fact or element but each has at least one additional fact or element that is not common. If both provisions are applied, the common fact or element is double counted. If only one provision is applied, the noncommon fact or element of the other provision is not counted at all. Neither solution is perfectly satisfactory and courts must decide whether to permit the dual use based on what seems the most reasonable inference concerning an unstated legislative intent.

Returning to the facts of this case, the question to be decided is this: does the "established rule" against double counting a fact as both an element of an offense and as a factor warranting increased punishment for the offense apply to the offense of firearm possession by a convicted felon and the punishment enhancing provision for defendants who have served prior prison terms? The majority concludes that it does not. The majority reaches this conclusion by determining that here the fact which is an element of the offense—defendant's previously having been convicted of a felony—differs essentially from the fact used to increase the punishment for the offense—defendant's previously having served a prison term. (Maj. opn., *ante,* at p. 132.) But this court has twice previously rejected the very distinction the majority seeks to draw, first in *People* v. *Prather* (1990) 50 Cal.3d 428 [267 Cal.Rptr. 605, 787 P.2d 1012], and then again in *People* v. *Jones* (1993) 5 Cal.4th 1142 [22 Cal.Rptr.2d 753, 857 P.2d 1163].

In *Prather,* this court held that an amendment to our state Constitution requiring that prior felony convictions be used for sentence enhancement

---

[1]As the majority notes (maj. opn., *ante,* at p. 131), some Courts of Appeal have expressed the view that the Legislature abrogated the general rule of construction prohibiting dual use by first codifying it in, and then deleting it from, Penal Code section 1170, subdivision (b). For the reasons stated in *People* v. *Darwin* (1993) 12 Cal.App.4th 1101, 1103-1104 [15 Cal.Rptr.2d 894], I conclude that this view is mistaken.

"without limitation" (Cal. Const., art. I, § 28, subd. (f)) abrogated the statutory "double-the-base-term" limitation (Pen. Code, § 1170.1, subd. (g)) as applied to the "prior prison term" enhancement (*id.,* § 667.5, subd. (b)). (*People* v. *Prather, supra,* 50 Cal.3d 428, 440.) To reach this conclusion, we had to explain why the constitutional language referring to prior felony *convictions* applied to an enhancement for prior *prison terms.* We did so in the following way: "Section 667.5(b) provides that 'where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served *for any felony.*' (Italics added.) We think it clear that section 667.5(b) is aimed primarily at the underlying felony conviction, and only secondarily, and as an indicium of the felony's seriousness, at the prior prison term. That is, we believe section 667.5(b), fairly read, merely provides a special sentence enhancement for that particular *subset* of 'prior felony convictions' that were deemed serious enough by earlier sentencing courts to warrant actual imprisonment." (*People* v. *Prather, supra,* 50 Cal.3d 428, 440, original italics.)

In *People* v. *Jones, supra,* 5 Cal.4th 1142, the issue was whether a defendant's sentence for a felony conviction could be increased by imposing additional prison terms *both* for a prior serious felony conviction (under Pen. Code, § 667) and for the prior prison term served for the very same conviction (under Pen. Code, § 667.5). We concluded that the two sentence enhancement provisions are alternative rather than cumulative—that is, the sentencing court is to impose the greater of the two but not both. To reach this conclusion, we relied on *People* v. *Prather, supra,* 50 Cal.3d 428, for the proposition that "both enhancements apply to the same facts—the prior conviction of a felony." (*People* v. *Jones, supra,* at p. 1149.) We reaffirmed the conclusion we had reached in *Prather* that "the distinction between prior prison terms and prior felonies for enhancement purposes [is] 'untenable' and, by inference, 'hypertechnical' and ' "supertechnical." ' " (*People* v. *Jones, supra,* at p. 1148.)

Thus, in rejecting the "established rule" against dual use because of a distinction between a prior felony conviction and a prior prison term, the majority is relying on a distinction that this court has previously rejected as "untenable" and "hypertechnical." (*People* v. *Jones, supra,* 5 Cal.4th 1142, 1148; *People* v. *Prather, supra,* 50 Cal.3d 428, 440.)

It is true, of course, as the majority points out, that not every prior felony conviction will expose a defendant to the prior prison term enhancement, but only "that particular *subset* of 'prior felony convictions' that were deemed serious enough by earlier sentencing courts to warrant actual imprisonment."

(*People* v. *Prather, supra,* 50 Cal.3d 428, 440, original italics.) But essentially the same was true in *In re Shull, supra,* 23 Cal.2d 745. There, the offense was defined as an assault with any deadly weapon (Pen. Code, § 245), while the sentence augmentation applied to crimes committed with a subset of deadly weapons—firearms and certain other specific weapons (see *In re Shull, supra,* 23 Cal.2d at p. 748). Thus, a defendant who used a deadly weapon not listed in the Deadly Weapons Act could be convicted of assault with a deadly weapon (see, e.g., *People* v. *Morlock* (1956) 46 Cal.2d 141, 145-146 [292 P.2d 897] [fence post]) without qualifying for the additional term under the act, just as a defendant who did not serve a prison term for a prior felony conviction may be convicted of firearm possession by a convicted felon without qualifying for the prior prison term enhancement.

The inference of legislative intent to preclude dual use is strongest, of course, when the fact that is an element of the offense will, in every instance, also satisfy the requirements for the increased punishment. But the same inference of legislative intent is also justified when the increased punishment is based *primarily* on the fact that is an element of the offense. That is the situation here. As this court explained in *People* v. *Prather, supra,* 50 Cal.3d 428, 440, the prior prison term enhancement is "aimed primarily at the underlying felony conviction."

The majority asserts that dual use is permissible because "it cannot be said that all or nearly all felony convictions used to establish the ex-felon element of a section 12021 violation will have resulted in the service of a prior prison term." (Maj. opn., *ante,* at p. 134.) But the majority's "all or nearly all" standard is too strict. Rather, an inference of legislative intent to preclude dual use is proper whenever the fact that is an element of the offense will "necessarily *or commonly*" also satisfy the requirements for increased punishment. (*People* v. *Jenkins* (1980) 28 Cal.3d 494, 502 [170 Cal.Rptr. 1, 620 P.2d 587], italics added; accord, *People* v. *Coronado,* (1995) 12 Cal.4th 145, 154.) Here, it cannot be said that convicted felons found in possession of a firearm have not "commonly" served prison terms for their felony convictions.

My research indicates that over half of all persons convicted of felonies in California serve a prison term for that felony.[2] When the group of convicted felons is narrowed to those subsequently found in possession of a firearm,

---

[2] A 1995 report of the Department of Justice, Law Enforcement Information Center, contains a table (table 38) showing the "adult felony arrest dispositions" for the years 1989 to 1994. According to this table, in 1993 the number of felony arrests resulting in superior court convictions was 81,342, of which 29,852 were initially sentenced to prison or death, 1,198 were committed to the California Rehabilitation Center, 70 were sent to the Youth Authority, 49,472 were granted probation, 737 received only a jail sentence or a fine, and 13 were

the percentage who have previously served a prison term is probably even larger because the subsequent possession of a firearm indicates both a propensity for violence (making it more likely that the prior felony offense was serious enough to warrant imprisonment) and a continued disregard of legal requirements (making it more likely that the individual did not successfully complete probation). Accordingly, I conclude that felony convictions used to establish the prior conviction element of the offense of firearm possession by a convicted felon will commonly have resulted in the service of prison terms.

## III

As we indicated in *People* v. *Prather, supra*, 50 Cal.3d 428, the prior prison term enhancement addresses a subset of all instances in which the defendant has suffered a prior felony conviction, and the enhancement is aimed primarily at the prior conviction itself and only secondarily at the prison term. Therefore, to impose the prior prison term enhancement on an offense that has as an element a prior felony conviction means that this fact—the prior felony conviction—is being considered twice, first as an element of the offense and second to increase the punishment for the same offense, thus unduly and irrationally lengthening the sentence. Because the subset includes a large percentage of the entire group—because, in other words, the prior felony conviction of persons later found in possession of firearms will commonly have resulted in prison terms—construction of the relevant statutes is controlled by the established rule expressed in *People* v. *Edwards, supra*, 18 Cal.3d 796, which prohibits dual use of a single prior conviction to both prove an offense and increase the punishment for that offense.

---

classified as "other." To determine how many of the superior court convictions were for felony offenses, I subtracted the 737 who received the nonfelony sentences of county jail or fine, leaving a total of 80,605 persons convicted of felonies. Because the table does not indicate how many of those initially granted probation eventually violated probation and served a prison term, I consulted another reliable source, the California Statistical Abstract, which reports that in the same year, 1993, our state prisons received 46,315 inmates who were "committed by court." (Cal. Statistical Abstract 1994, table N-2, p. 176.) This category would appear to include both those convicted of felonies who were initially denied probation and those who were sent to prison following a probation violation. Thus, it appears that of 80,605 persons convicted of felonies, 46,315 served prison terms.

I recognize the possible objections to this conclusion. The figure 80,605 may not represent the total felony convictions that actually occurred in 1993, but rather the total felony convictions resulting from arrests in 1993. And the 46,315 persons committed to prison in 1993 undoubtedly include some who were convicted in earlier years and were sent to prison following probation revocation, and the same figure undoubtedly excludes some who were convicted in 1993 but were committed to prison only after a probation revocation in a later year. Nonetheless, I think one can reasonably conclude from this data, in the absence of a more precise and reliable measure, that over half of those convicted of felonies in California in recent years serve prison terms for those felony convictions.

Accordingly, I would affirm the judgment of the Court of Appeal striking the prior prison term enhancement.

Mosk, J., concurred.