[No. F045722. Fifth Dist. Sept. 1, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
RUDY ELIAS MARTINEZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 1., 2.A., 2.B., and 3.

532

## Counsel

Sylvia Whatley Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Julie A. Hokans and Stephanie A. Mitchell, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**DAWSON, J.**—Rudy Elias Martinez appeals from a judgment entered on a jury verdict finding him guilty of assault with a deadly weapon or by force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(1)).[1] The jury found true a gang enhancement allegation (§ 186.22, subd. (b)(1) [offense committed for the benefit of, at the direction of, or in association with a criminal street gang]). In a bifurcated proceeding, the court found appellant had been convicted presently and previously of a serious felony within the meaning of the three strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and within the meaning of section 667, subdivision (a)(1).

The court sentenced appellant to a total prison term of 18 years: the upper term of four years for the assault, doubled pursuant to the three strikes law, five years for the gang enhancement, and an additional five years for the serious felony enhancement.

On appeal, appellant contends that his assault conviction is not supported by substantial evidence, because the victim's in-field identification was "not of solid value," and that the court made sentencing errors. We affirm the conviction, but remand for resentencing.

## FACTS

On November 17, 2003, at about 10:30 p.m., Juan Gutierrez was standing on the front porch of his home on Second Avenue when four men wearing black pants and black jackets approached. One of the men challenged Gutierrez by asking if he was a "Sureno," a gang member. Gutierrez stated he was not. Two of the men attacked Gutierrez, and one of them struck him with a can of beer. Within a few seconds, the other two joined the attack with their fists and feet.

During the attack, one of the assailants hit Gutierrez with a broom handle, with sufficient force that the handle broke. Another struck Gutierrez in the ribs with a wooden two-by-four, 18 to 20 inches in length. While Gutierrez was on the ground, one of the men threw a card table on top of him.

---

[1] All further statutory references will be to the Penal Code unless otherwise stated.

Gutierrez was semiconscious after the first blow. He could see his attackers' faces, but did not recall which attacker hit him with which object.

When the attack was over, Gutierrez saw three men walk away. The assailants left behind a full and an empty can of Natural Light beer.

Shortly after the attack, Officer Bill Robertson saw four Hispanic men matching the suspects' descriptions walking on Second Avenue. Officer Robinson ordered the men to stop. Appellant complied, but the others ran. One of them, Mario Yado, was captured. When Yado was apprehended, he had a cut above his eye and was carrying a partial 12-pack of Natural Light beer.

Officer Reynaldo Vela handcuffed appellant. The officer did not notice any blood on appellant's hands, clothing, or skin. Appellant did not appear to be injured, and his clothing was not torn or ripped.

Officers Robertson and Vela took appellant and Yado to Gutierrez's home for an in-field identification. Officer Vela admonished Gutierrez that he should be "absolutely positive" before identifying any suspects. Without hesitation, Gutierrez identified both men as being involved in the attack.

At trial, Gutierrez remembered identifying his attackers at a distance of five meters and within a half hour of the attack. He stated that, when he made the identification, it was fresh in his memory. Gutierrez testified that the men were wearing black pants and black jackets during the attack and that, when he identified the subjects later, they were wearing the same clothing. Gutierrez was not able to identify appellant "one hundred percent" at trial, but testified that appellant did resemble one of his assailants.

*Gang Evidence*

Sheriff's Deputy Joe Aguilar testified as a gang expert for the prosecution. Aguilar opined that appellant, who had been identified as a gang member since April of 1998, was currently a member of the Norteno gang. Aguilar based his opinion on appellant's prior contacts with law enforcement, his wearing of gang attire, a photograph of appellant "throwing" a sign, the presence of gang tattoos on his hands and face, and his admission that he was a gang member. Aguilar opined that Yado, who had been identified as a gang member since September of 2000, was also currently a member of the Nortenos. Aguilar based his opinion on Yado's prior contacts with law enforcement, his association with other gang members, his wearing of gang colors, and information from other law enforcement officials. According to Aguilar, the attack against Gutierrez occurred in an area claimed by Norteno gangs.

## DISCUSSION

1.–2. A., B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### C. *Section 654*

In the unpublished portion of this opinion, we have held pursuant to *People v. Briceno* (2004) 34 Cal.4th 451 [20 Cal.Rptr.3d 418, 99 P.3d 1007] and *People v. Bautista* (2005) 125 Cal.App.4th 646 [22 Cal.Rptr.3d 845], that the trial court did not err prejudicially when it found appellant's current assault offense to be a "serious" felony within the meaning of section 1192.7, subdivision (c), because the jury found true the gang enhancement allegation against him. That finding was tantamount to a finding that the current offense was a serious felony. (See § 1192.7, subd. (c)(28).) We also have held that remand is required, pursuant to *Briceno, supra,* at pages 464–465, because it was improper to "bootstrap" the finding on the section 186.22, subdivision (b) gang enhancement into punishment under subdivision (b)(1)(B) of that section. The question presented now is whether any punishment under the gang enhancement is to be permitted.

Appellant contends that, if the serious felony enhancement was proper, as we have held it was under *Bautista,* then section 654 required the trial court to stay *any* additional punishment for the true finding on the gang enhancement, because that finding was based on the same act or conduct used to support the serious felony enhancement. We disagree.

■ Section 654, subdivision (a) provides in part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." This proscription applies to a course of conduct violating more than one statute, where the offenses were incident to one objective. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1583 [55 Cal.Rptr.2d 450].)

■ Appellate courts disagree about the application of section 654 to enhancements. (*People v. Coronado* (1995) 12 Cal.4th 145, 157 [48 Cal.Rptr.2d 77, 906 P.2d 1232]; see also *People v. Oates* (2004) 32 Cal.4th 1048, 1066, fn. 7 [12 Cal.Rptr.3d 325, 88 P.3d 56].) They agree, however, that there are two different categories of sentence enhancement: status

---

*See footnote, *ante,* page 531.

enhancements, which go to the nature of the offender, such as recidivist enhancements; and conduct enhancements, which go to the nature of the offense, such as firearm or bodily injury enhancements. (*People v. Coronado*, *supra*, at p. 156; *People v. Rodriguez* (1988) 206 Cal.App.3d 517, 519 [253 Cal.Rptr. 633].) In *Coronado*, the Supreme Court held that section 654 does not apply to prior conviction enhancements because they " 'relate to the *status* of the recidivist offender engaging in criminal conduct, not to the conduct itself.' " (*Coronado, supra*, at p. 157, quoting *Rodriguez, supra*, at p. 519.) Because a "repeat offender (recidivist) enhancement" does not implicate multiple punishment of an act or omission, section 654 is inapplicable. (*Coronado*, at p. 158; see also *People v. Price* (1992) 4 Cal.App.4th 1272, 1277 [6 Cal.Rptr.2d 263] [§ 667, subd. (a) creates a status, not a conduct enhancement, and § 654 does not apply]; cf. *People v. Kane* (1985) 165 Cal.App.3d 480, 487–488 [211 Cal.Rptr. 628] [no impermissible dual use of facts where use of firearm served to make the charged felony a serious felony under §§ 1192.7, subd. (c)(8), and 667, subd. (a) (status enhancement), and also supported conduct enhancement under § 12022.5].)

Appellant cites several cases addressing section 654's application to enhancements going to the nature of the offense (*People v. Flores* (1981) 115 Cal.App.3d 67, 79–80 [171 Cal.Rptr. 365] [use of a firearm enhancement]; *People v. Reeves* (2001) 91 Cal.App.4th 14, 55–57 [109 Cal.Rptr.2d 728] [great bodily injury enhancement]; *People v. Jones* (2000) 82 Cal.App.4th 485, 492–493 [98 Cal.Rptr.2d 329] [use of a deadly or dangerous weapon enhancement]). These cases do not apply to his circumstances. Appellant is not being punished twice for the same criminal conduct. Instead, his sentence was enhanced because (1) he is a recidivist serious offender, and (2) his conduct during the commission of the current offense fell within the scope of section 186.22, subdivision (b)(1).

■ Any overlap or, to use *Briceno*'s term, bootstrapping in appellant's sentence arises not from the fact that the conduct supporting his gang enhancement also supports one element of his serious felony enhancement; instead, it arises from the trial court's use of subdivision (b)(1)(B) of section 186.22, where the only way in which it could conclude as a matter of law that the charged felony was a serious felony was through the jury's finding that the gang enhancement was true. Under *Briceno*, this was impermissible. As we recognized in *Bautista*, a defendant cannot properly be punished for engaging in conduct that supports a gang enhancement and then, solely because that conduct makes the felony "serious," also punish him or her under subdivision (b)(1)(B) of the gang enhancement. ■ Subdivision (b)(1)(B) of section 186.22, thus, can apply only where the felony is serious for some reason other than the conduct that brings subdivision (b)(1) into play. Otherwise, as the Court of Appeal had noted in its underlying opinion in the *Briceno* case, section 186.22, subdivision (b)(1)(A) would be superfluous.

(See *People v. Briceno, supra,* 34 Cal.4th at p. 464.) This has nothing to do, however, with the question whether appellant can be punished under both section 186.22, subdivision (b)(1)(A), and section 667, subdivision (a). Under *Coronado* and *Bautista,* he can.

3. *Imposition of the upper term**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The matter is remanded for resentencing pursuant to section 186.22, subdivision (b)(1)(A). In all other respects, the judgment is affirmed.

Cornell, Acting P. J., and Gomes, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 14, 2005. Werdegar, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante,* page 531.