[No. A069286. First Dist., Div. Four. Mar. 27, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
MIGUEL MORENO LARA, Defendant and Appellant.

**COUNSEL**

Barbara Michel, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Catherine A. Rivlin and Susan E. Myster, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ANDERSON, P. J.**—Today we are called upon to determine whether a brandishing statute enacted in 1987 requires that the victim of the brandishing be an occupant of a motor vehicle and, if so, whether the jury in this case was properly instructed on this element of the crime.

Penal Code[1] section 417.3 provides: "Every person who except in self-defense, in the presence of any other person who is an occupant of a motor vehicle proceeding on a public street or highway, draws or exhibits any

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

firearm, whether loaded or unloaded, in a threatening manner against another person in such a way as to cause a reasonable person apprehension or fear of bodily injury is guilty of a felony . . . ." The question presented is whether section 417.3 is violated only when the person who is placed in fear as a result of the exhibiting of a firearm is also the occupant of a motor vehicle proceeding on a public street or highway. We hold it is: the person against whom the brandishing is committed must be an occupant of a motor vehicle proceeding on a public street.

Appellant herein asserts that CALJIC No. 9.07 (5th ed. 1988 bound vol.) does not instruct the trier of fact that the person threatened must be an occupant of a motor vehicle. We find that, while the instruction may be somewhat ambiguous, even if clarified it is not reasonably probable the jury would have reached a different result. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)

## I. FACTS

### A. *Procedural History*

Miguel Moreno Lara (appellant) was acquitted by jury of a violation of section 417, subdivision (c) (brandishing a firearm in the presence of a peace officer), but he was convicted of three remaining counts: (1) a felony: section 12021, subdivision (a) (felon in possession of a firearm), (2) a misdemeanor: section 12031, subdivision (a) (carrying a loaded firearm in public), and (3) a felony: section 417.3. The trial court found a prior prison term enhancement, alleged pursuant to section 667.5, subdivision (b), true in a separate bench trial. Appellant was sentenced to two years in prison for the section 12021, subdivision (a), violation, enhanced by one year for the prior prison term. A 90-day sentence for carrying a loaded firearm and a 2-year sentence for the section 417.3 violation were stayed.

### B. *Trial Testimony*

The prosecution case was based on the testimony of Sonoma County Sheriff's Deputy John Eubanks. Deputy Eubanks testified that he was on patrol on the night of October 15, 1994, when he noticed a number of people walking away from Cooper's Cantina (the Cantina), a bar. He suspected that a disturbance was taking place; so, he slowed his vehicle to investigate. Deputy Eubanks saw appellant on the west shoulder of the road across the street from the Cantina, walking toward both the Cantina and Deputy Eubanks's car. Appellant had a rifle in his hands with his right hand near the trigger and his left hand holding the muzzle, resting the stock against his

right hip. Deputy Eubanks could not see if appellant's fingers were in the trigger guard. The rifle was pointed toward Deputy Eubanks, who ducked down and accelerated away.

Deputy Eubanks stopped and turned the car around to return to the place he had seen appellant. He saw appellant standing by a car with no gun in hand. Deputy Eubanks put appellant in the patrol car and searched the area. He found a rifle, partially covered with dirt, in a vineyard nearby. Prior to instituting the search, Deputy Eubanks asked appellant where the rifle was, and appellant replied that someone had taken it from him.

Appellant testified that he had been drinking at the Cantina on the evening of October 15, 1994; at one point, he was told that his brother and some friends were having trouble outside. He went outside and saw his brother fighting. Appellant tried to calm his brother down. At that juncture, someone hit him from behind, and he fell to the ground. He eventually asked his attackers to let him up, and they did.

Appellant then went across the street and leaned on a parked Monte Carlo. While leaning against the car, he saw Deputy Eubanks's patrol car pass by. He denied being in possession of a rifle that evening but did indicate that he had been doing some target shooting with a rifle on the morning of October 15. Edwardo Gonzalez, a patron of the Cantina on the night of October 15, testified for the defense and corroborated appellant's testimony about target shooting in the morning and the events leading up to appellant's arrest.

## C.   *Contentions on Appeal*

█   Appellant finds no fault with his conviction and two-year prison sentence for being a felon in possession of a firearm (§ 12021, subd. (a)), nor does he complain of his misdemeanor conviction and stayed ninety-day sentence for carrying a loaded firearm in a public place (§ 12031, subd. (a)). Instead, he attacks his conviction of section 417.3 (for which he received a stayed two-year sentence), and he complains of the imposition of the consecutive one-year prison sentence for his prior conviction of Vehicle Code section 23153.

He first argues that his conviction of violation of section 417.3 must be reversed due to instructional error. His second contention is that the trial court erred in failing to instruct that a violation of section 417.3 requires awareness of the presence of a motor vehicle, and his third contention is that the court erred in failing to instruct, sua sponte, on the lesser included offense of misdemeanor brandishing of a firearm. Appellant's final argument

is that the section 667.5, subdivision (b), enhancement must be stricken because the same felony conviction (a violation of Veh. Code, § 23152) was impermissibly used both to prove the convicted felon element of section 12021, subdivision (a), and to impose the consecutive one-year enhancement for a prior prison term pursuant to section 667.5, subdivision (b).

## II. ANALYSIS

### A. *Section 417.3 Should Be Interpreted to Require That the Brandishing Be Directed Against an Occupant of a Motor Vehicle*

Because section 417.3 does not explicitly require that the brandishing be against the occupant of a motor vehicle but rather against *another person* it is susceptible to two interpretations. The first would make it a felony to brandish a firearm at *anyone*, as long as (a) the brandishing reasonably generated apprehension or fear of bodily harm on the part of the person threatened and (b) the brandishing occurred in the "presence" of an occupied motor vehicle. The second interpretation would make it a felony to brandish a firearm at an occupant of a motor vehicle if the brandishing reasonably generated apprehension or fear of bodily harm on the part of the occupant. Appellant urges us to adopt the latter interpretation, and the Attorney General, without conceding its correctness, assumes so for the purpose of his argument. We find this interpretation the more logical manifestation of legislative intent.

A statute should be construed with reference to the statutory scheme of which it is a part. (*Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 489 [134 Cal.Rptr. 630, 556 P.2d 1081].) At the time section 417.3 was enacted, misdemeanor brandishing was defined by section 417, subdivision (a)(2): "Every person who, except in self-defense, in the presence of any other person, draws or exhibits any firearm, whether loaded or unloaded, in a rude, angry, or threatening manner, or who in any manner, unlawfully uses the same in any fight or quarrel is guilty of a misdemeanor . . . ."[2]

There are three principal differences between then section 417, subdivision (a)(2), and section 417.3. First, "rude" or "angry" brandishing of a firearm is not required for a violation of section 417.3. Second, "presence" of an occupied vehicle, proceeding on a public street or highway, is required for a violation of section 417.3. And third, the threatening behavior required to constitute a violation of section 417.3 must *cause* a "reasonable" person apprehension or fear of bodily harm. It defies reason to conclude that the

---

[2]Section 417, subdivision (a)(2), has since been amended in ways not material to this opinion.

Legislature did not intend to require that the person who is placed in fear by the brandishing actually be the occupant of a vehicle. Section 417.3 defines a more restrictive standard of conduct than that required for simple brandishing (section 417, subdivision (a)(2))—i.e., threatening behavior which, in fact, causes fear or apprehension of harm. It seems illogical to elevate this more dangerous act to a felony simply because an occupied vehicle happens by. The obvious purpose of section 417.3 is to deter, and/or to punish more severely, substantially more dangerous conduct—threats to persons *inside* vehicles, which threats may well result in erratic driving endangering the safety of the innocent driving and pedestrian public.[3]

### B. *The Jury Was Correctly Instructed That the Brandishing Must Be Directed Against an Occupant of a Vehicle*

CALJIC No. 9.07 was given to the jury and required the prosecution to establish each of the following elements in order to prove a violation of section 417.3: "1. A person, [not acting in self-defense] drew or exhibited a firearm in the presence of another person, [¶] 2. Such person was an occupant of a motor vehicle proceeding on a public street or highway, and [¶] 3. The drawing or exhibiting was done in a threatening manner against another person in such a way as to cause a reasonable person to be placed in apprehension or fear of bodily harm." (CALJIC No. 9.07 at p. 448.)

Appellant complains that the language of CALJIC No. 9.07, which was given to the jury, could lead to his conviction of section 417.3 even if the jury was not convinced beyond a reasonable doubt that he brandished the weapon against officer Eubanks, the occupant of the vehicle. He points to the language of the instruction which directs that the "drawing or exhibiting was done in a threatening manner against *another person* in such a way as to cause a reasonable person to be placed in apprehension . . ." and he correctly notes that this other *person* was not specifically identified as the occupant of the motor vehicle. According to his theory and under the instruction given, the brandishing could have been directed against one of the other patrons in the parking lot at the time Officer Eubanks drove by.

---

[3]Appellant has asked this court to take judicial notice of what he dubs the "legislative history" of section 417.3. We decline to do so because the statute is not so ambiguous as to require such analysis for purposes of our determination herein. We note that (1) the statements of the author of Assembly Bill No. 2625 (which ultimately became section 417.3), (2) the Legislative Counsel's opinion, and (3) the various committee reports which describe the proposed legislation in the Assembly and the Senate concerning its purpose and effect do support our interpretation of the statute, as enacted. However, even if the statute were ambiguous on its face and were to require an in depth analysis of legislative intent we still would not take judicial notice of these documents. Such opinions and analyses of individual legislators and/or legislative staff are simply that—individual opinions of persons associated in some manner with the Legislature. They are simply not relevant to determining the *intent* of the *Legislature* in enacting section 417.3.

However, the Attorney General asserts that CALJIC No. 9.07 "could reasonably be interpreted to require . . . that the victim of the brandishing must be the occupant of the vehicle . . . ." He reaches that conclusion by arguing: "First, the chronology of the elements suggests that the victim of the brandishing is the same person as the occupant of the motor vehicle. The jury was told that the defendant must have 'exhibited a firearm in the presence of another person,' and 'the person in whose presence the firearm was drawn or exhibited was an occupant of a motor vehicle,' and the exhibiting 'was done in a threatening manner.' [Citation.] Although the first and third elements, exhibiting the weapon and done in a threatening manner, both use the term 'another person,' the second element explains that 'another person' means the 'occupant of a motor vehicle.' " His argument is persuasive in that the jury was instructed that "such person" (in whose presence the firearm is exhibited) must be "an occupant of a motor vehicle proceeding on a public highway. . . ." The ambiguity arises only with regard to the effect of the exhibiting against "another person." We agree with appellant that the Legislature and the CALJIC committee would have been better advised to clearly specify that the threatening manner of the exhibiting be against *the occupant of the vehicle*, and not "against another person."

However, we are convinced by the evidence and the arguments of counsel that the jury was not misled in this case. First, the jury was read at the outset of trial the charges against the defendant, specifically in count 4 that ". . . said defendant did willfully and unlawfully draw and exhibit a firearm in a threatening manner in such a way as to cause a reasonable person apprehension and fear of bodily harm and in the presence of an occupant of a motor vehicle, [Deputy John] Eubanks, proceeding on a public street and highway." Second, the evidence is uncontradicted that at the time of the brandishing Officer Eubanks was in a motor vehicle on a public street. While there is evidence that other persons were in the general vicinity, no other witness testified to the brandishing in his or her presence. Third, neither the prosecutor nor the defense argued that the brandishing could have been directed toward others who were not occupants of a vehicle. The defense was that no brandishing occurred, not that it occurred against another person who was *not* an occupant of a vehicle. The prosecutor argued in distinguishing count one (brandishing a weapon at a peace officer) and count four (brandishing at an occupant of a motor vehicle) as follows: "Also deputy Eubanks of course was inside a motor vehicle. That's a separate count from the status as a peace officer." And finally, the verdict form returned by the jury states: "We, the jury, find the Defendant MIGUEL MORENO LARA, GUILTY of violation of Sec. 417.3 of the Penal Code, a felony as charged in Count IV of the Information, to wit, *Brandishing Firearm at a Person in a Motor Vehicle*." (Italics added.) Given the return of this verdict there can be

no doubt that the jury correctly found that the victim of defendant's brandishing was, indeed, an occupant of a motor vehicle. ▮▮▮ ▮ ▮ We are satisfied beyond a reasonable doubt that any misdirection of the jury herein did not contribute to the verdict obtained. (*People* v. *Davidson* (1995) 32 Cal.App.4th 206, 215 [38 Cal.Rptr.2d 438].)[4]

### C.  *The Trial Court Was Not Required to Instruct the Jury Sua Sponte on the Lesser Included Offense of Misdemeanor Brandishing*

▮ Even assuming that misdemeanor brandishing *is* a lesser included offense of brandishing at an occupant of a motor vehicle, the court had no duty to instruct sua sponte on the lesser included offense in this case. As the Attorney General correctly notes, appellant's defense was a complete denial, i.e., mistaken identification. The evidence here was uncontradicted that regardless of who pointed the rifle at Officer Eubanks the crime committed was the greater crime.

"The court has a duty to instruct sua sponte on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present, but has no such duty when there is no evidence that the offense was less than that charged." (*People* v. *Lewis* (1990) 50 Cal.3d 262, 276 [266 Cal.Rptr. 834, 786 P.2d 892].)

### D.  *The Trial Court Properly Used the Prior Vehicle Code Section 23152 Conviction and Prison Term for Sections 12021, Subdivision (a), and 667.5, Subdivision (b), Purposes*

Appellant's final argument is based on his contention that the use of his prior Vehicle Code section 23152 conviction and the prison term served in conjunction with that offense constitutes a "prohibited dual use of facts." He bases that argument on his interpretation of *People* v. *Edwards* (1976) 18 Cal.3d 796, 800 [135 Cal.Rptr. 411, 557 P.2d 995], and *People* v. *Jones* (1993) 5 Cal.4th 1142, 1148 [22 Cal.Rptr.2d 753, 857 P.2d 1163]. Our Supreme Court has resolved that argument against appellant in *People* v. *Baird* (1995) 12 Cal.4th 126, 128 [48 Cal.Rptr.2d 65, 906 P.2d 1220].)

---

[4]Appellant argues that his acquittal on the charge of brandishing a firearm in the presence of a peace officer necessarily means that the jury found that he did not brandish a firearm at the occupant of Deputy Eubank's vehicle and that the inconsistent verdict reflects prejudicial instructional error on the section 417.3 charge. He is incorrect. Under section 954 "each count of an information must stand upon its own merit and be weighed separately in its disposition; a verdict of either conviction or acquittal upon one count has no bearing upon the verdict with respect to another count. A verdict of conviction on one count which appears inconsistent with a verdict of acquittal on another count shall afford no basis for a reversal where the evidence is sufficient to support the conclusion that the defendant is guilty of the offense of which he stands convicted, regardless of how similar the facts underlying each count are." (*People* v. *Brown* (1985) 174 Cal.App.3d 762, 769 [220 Cal.Rptr. 264].)

### III. Conclusion

The judgment is affirmed in its entirety.

Reardon, J., and Hanlon, J., concurred.

A petition for a rehearing was denied April 26, 1996, and appellant's petition for review by the Supreme Court was denied June 26, 1996. Kennard, J., was of the opinion that the petition should be granted.