[No. B152875. Second Dist., Div. Six. July 15, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
DEXTER HOWARD, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

**COUNSEL**

Carol S. Boyk, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Deborah J. Chuang and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

PERREN, J.—In a bench trial, Dexter Howard was convicted of receiving stolen property (Pen. Code, § 496, subd. (a)),[1] exhibiting a firearm in the presence of an occupant of a motor vehicle (§ 417.3), and carrying an unregistered loaded firearm (§ 12031, subd. (a)(1)). He was sentenced to four years four months in prison, doubled to eight years eight months under the "Three Strikes" law based on his admission of a prior juvenile adjudication for attempted robbery. (§§ 664, 211.) Howard contends that there was insufficient evidence to support the conviction for exhibiting a firearm. [[/]]*

We conclude that Howard's conviction for exhibiting a firearm is not supported by substantial evidence that his victim was in a motor vehicle "proceeding on a public street or highway." (§ 417.3.) Accordingly, we will vacate the conviction but direct the trial court to enter a judgment for the lesser included offense of brandishing a firearm. (§ 417.) [[/]]* Otherwise, we affirm.

### Facts and Procedural History

Bryan Riley was driving with a passenger when his car stalled and came to a stop in the center median of a street. Howard and several men approached Riley's car and asked him, in a threatening manner, what he was doing in their neighborhood. Howard stood near the driver's side of the car and pointed a semiautomatic handgun at the car and in the general direction of Riley. Riley rolled up the windows and locked his door, but later escaped by running into the street and getting into another car, which drove him to safety.

The police responded, detained Howard near the scene of the crime, and recovered a loaded semiautomatic handgun from a nearby trash can. Howard admitted that he had been carrying the gun and threw it in the trash can immediately before the police arrived. He said he was walking to a friend's house and was carrying the gun because he was nervous. The handgun had been stolen about one year earlier.

Howard waived a jury and was tried by the court. He was acquitted of an additional charge of assault with a semiautomatic firearm. (§ 245, subd. (b).)

---

[1]All statutory references are to the Penal Code unless otherwise stated.
*See footnote, *ante,* page 94.

## DISCUSSION

[[/]]*

### *Exhibiting Firearm to Occupant of Motor Vehicle Not Supported by Substantial Evidence*

 "Every person who, except in self-defense, in the presence of any other person who is an occupant of a motor vehicle proceeding on a public street or highway, draws or exhibits any firearm, whether loaded or unloaded, in a threatening manner against another person in such a way as to cause a reasonable person apprehension or fear of bodily harm is guilty of a felony . . . ." (§ 417.3.) Howard contends that he did not exhibit his gun in the presence of "an occupant of a motor vehicle *proceeding on a public street or highway*." (*Ibid.*, italics added.) We agree, and conclude that the Legislature did not intend the phrase "motor vehicle proceeding on a public street or highway" to cover a stalled and inoperative motor vehicle merely because it is in the vicinity of a street or highway.

 In determining legislative intent, a court begins with the actual words of the statute because they are generally the most reliable indicator of intent. (*People v. Gardeley* (1996) 14 Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713].) Our inquiry ends if the words of a statute are clear and unambiguous. The plain meaning of the statute governs and there is no need for judicial construction. (*Ibid.*; *People v. Torres* (2001) 25 Cal.4th 680, 685 [106 Cal.Rptr.2d 824, 22 P.3d 871].)

 None of the relevant statutory words, singly or in combination, display any ambiguity. The ordinary meaning of the word "proceeding" in this context is to be "in movement," and the plain meaning of the phrase "motor vehicle proceeding on a public street or highway" is that the vehicle is moving on a street or highway with its engine running and propelling the vehicle. A stalled and inoperative vehicle stopped on the side of the road is not "proceeding on a public street or highway."

Although there is no authority considering the word "proceeding" in connection with the operation of a motor vehicle, other language used to describe the use of motor vehicles supports our interpretation. The phrase "to drive a vehicle" has been interpreted to require volitional movement of a vehicle. (*Mercer v. Department of Motor Vehicles* (1991) 53 Cal.3d 753, 763 [280 Cal.Rptr. 745, 809 P.2d 404] [drunk driving]; *People v. Lively* (1992) 10 Cal.App.4th 1364, 1368 [13 Cal.Rptr.2d 368] [same].) Similarly, "[a]

---

*See footnote, *ante*, page 94.

person operates a motor vehicle when the person causes the motor vehicle to function in the manner for which the automobile is fitted." (*Cabral v. Los Angeles County Metropolitan Transportation Authority* (1998) 66 Cal.App.4th 907, 913 [78 Cal.Rptr.2d 385].)

The Attorney General cites *Adler v. Department of Motor Vehicles* (1991) 228 Cal.App.3d 252 [279 Cal.Rptr. 28], in support of its argument that a motor vehicle proceeding on a street or highway includes a vehicle which is stalled and inoperative. In *Adler*, after parking and stopping, a driver opened her door and accidentally hit and injured a passing bicyclist. The court concluded that an accident occurring under those circumstances was an automobile accident covered by the financial responsibility law. The court stated that the financial responsibility law applies to any person who " 'drives *or is in actual physical control of a vehicle*' " at the time of an accident. (*Id.* at p. 258, quoting Veh. Code, § 305.)

Contrary to the Attorney General's assertion, *Adler* provides support for a limitation of section 417.3 to the exhibition of a firearm to a person in a motor vehicle actually driving and proceeding down a street. *Adler*, and Vehicle Code section 305 relied on by *Adler*, distinguish between a person who is driving a vehicle and a person who has physical control of a vehicle after it has parked and stopped. Both persons may be "drivers" for insurance purposes but, under section 417.3, it is immaterial whether the occupant of an inoperable vehicle can be characterized as a "driver" or "operator" of the vehicle. A vehicle is not "proceeding on a public street or highway" merely because a driver retains physical control after the vehicle has stalled and stopped.

Similarly, the difference between "operating a motor vehicle" and being an occupant of a "motor vehicle proceeding on a public street or highway" demonstrates that an inoperable vehicle does not qualify under section 417.3. A " 'person may be convicted of operating a motor vehicle without it necessarily being shown that the automobile was actually in motion or even had the engine going . . . .' " (*Padilla v. Meese* (1986) 184 Cal.App.3d 1022, 1028, fn. 1 [229 Cal.Rptr. 310].) "Operation" includes stopping, parking, and other acts incidental to driving the vehicle. (*Cabral v. Los Angeles County Metropolitan Transportation Authority, supra,* 66 Cal.App.4th at p. 914.)

The phrase "motor vehicle proceeding on a public street or highway," however, must be construed more narrowly. Satisfying section 417.3 requires more than that the vehicle be in "operation" in the broadest sense of that word. Even if a motor vehicle is still "operating" at the time it is stopped and parked, the vehicle is not "proceeding on a public street or highway."

In addition, our interpretation of the statutory phrase to exclude an inoperative vehicle is consistent with the purpose of section 417.3 to deter and punish "threats to persons *inside* vehicles, which threats may well result in erratic driving endangering the safety of the innocent driving and pedestrian public." (*People v. Lara* (1996) 43 Cal.App.4th 1560, 1565-1566 [51 Cal.Rptr.2d 349], fn. omitted.) Riley's inoperable vehicle could not be driven, erratically or otherwise.

We also reject the Attorney General's claim that Riley's vehicle could have moved if he accidentally released the handbrake or took the car out of gear. First, based on the evidence, Riley's vehicle was fully stopped, inoperative, and incapable of moving in any manner (except, presumably, if pushed). Second, the Attorney General offers no sound reason to construe the statutory phrase "proceeding on a public street or highway" to include brief and inadvertent movement on the side of a street or highway.

It is important to note that, at trial and on appeal, both sides agreed that a violation of section 417.3 requires that the defendant exhibit a firearm *against* the occupant of a motor vehicle proceeding on a street or highway. In so doing, the parties were accepting the holding of *People v. Lara, supra,* 43 Cal.App.4th at page 1566. As discussed in *Lara,* section 417.3 could be interpreted to apply when a firearm is exhibited against a person who is not an occupant of a motor vehicle (or is an occupant of a motor vehicle which is not proceeding on a street or highway) as long as the firearm is exhibited "in the presence" of another person who is an occupant of a motor vehicle proceeding on a street or highway. (*Lara,* at p. 1565.) *Lara* rejected this interpretation and concluded that the Legislature intended "to require that the person who is placed in fear by the brandishing actually be the occupant of a vehicle." (*Id.* at pp. 1565-1566.) Since neither Howard nor the Attorney General questions *Lara*'s interpretation of section 417.3, we will not address the issue.

Although Howard's conviction for exhibiting a firearm in the presence of a motor vehicle must be overturned, an appellate court may reduce a conviction to a lesser included offense if the evidence supports the lesser included offense but not the charged offense. (*People v. Martinez* (1999) 20 Cal.4th 225, 241 [83 Cal.Rptr.2d 533, 973 P.2d 512]; *People v. Kelly* (1992) 1 Cal.4th 495, 528 [3 Cal.Rptr.2d 677, 822 P.2d 385]; § 1181, subd. 6.)

We conclude that section 417, brandishing a weapon "in the presence of any other person," is a lesser included offense of section 417.3 because a section 417.3 offense cannot be committed without necessarily committing a section 417 offense. (*People v. Birks* (1998) 19 Cal.4th 108, 117-118 [77

Cal.Rptr.2d 848, 960 P.2d 1073]; *People v. Brenner* (1992) 5 Cal.App.4th 335, 341 [7 Cal.Rptr.2d 260].) The elements of section 417.3 include all the elements of section 417, plus the additional requirements that the exhibition of the firearm must be made in the presence of an occupant of a motor vehicle proceeding on a street or highway, and must be made in such a way "as to cause a reasonable person apprehension or fear of bodily harm." (§ 417.3.) Here, it is undisputed that substantial evidence supports every element of section 417.3 except that the vehicle is proceeding on a street or highway. Accordingly, it is undisputed that every element of a section 417 offense is supported by substantial evidence.

Therefore, we will vacate the conviction for violation of section 417.3, and direct the trial court to enter a new judgment for violation of section 417.

## [[/]]*

### DISPOSITION

The conviction for violation of section 417.3 is vacated with directions to enter a new judgment for violation of section 417. Otherwise, the judgment is affirmed.

Gilbert, P. J., and Coffee, J., concurred.

*See footnote, *ante*, page 94.