[Nos. G031469, G031642. Fourth Dist., Div. Three. Dec. 29, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY CEASAR RIVERA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I.A and II.A.

COUNSEL

Phillip I. Bronson, under appointment by the Court of Appeal, for Defendant and ·Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Quisteen S. Shum, Raquel M. Gonzalez and Taylor Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RYLAARSDAM, J.**—Defendant Henry Ceasar Rivera was charged with unlawful taking of a vehicle (count 1), street terrorism (count 2), attempted kidnapping (count 3), and two felony counts of exhibiting a loaded firearm (counts 4 and 5). After the trial court granted defendant's motion to sever counts 1 and 2 from counts 3, 4, and 5, a jury convicted him of the latter three counts and found true the allegation that he personally used a firearm during the attempted kidnapping. The court sentenced defendant to two years and six months on count 3, plus 10 years for the related firearm enhancement, for a total of 12 years and 6 months. The court also imposed two-year sentences each for counts 4 and 5, to be served concurrent with the sentence for count 3.

Following a court trial, defendant was convicted of counts 1 and 2. The court also found true the allegation that count 1 was committed to benefit a criminal street gang (Pen. Code, § 186.22, subd. (b); all further references are to this code unless otherwise noted). The court imposed a three-year sentence for count 1 and a two-year sentence for count 2, but ordered that these sentences be served concurrent to the sentence previously imposed in counts 3, 4, and 5.

Defendant appeals from both judgments. We consolidated the appeals for purposes of the opinion only. In case number G031642, defendant contends insufficient evidence existed to support his conviction in count 2 for street terrorism (§ 186.22, subd. (a)). He further argues the abstract of judgment incorrectly reflects that his sentence in count 1 is to be served consecutive to his sentence in count 3, for a cumulative sentence of 15 years and 6 months. The Attorney General contends there is substantial evidence to support defendant's conviction for street terrorism, but agrees that the abstract of judgment should be modified to show a concurrent sentence for count 1 unless we reverse the convictions being appealed in case number G031469. In such event, the Attorney General asserts that we should remand the matter to the trial court for resentencing.

In case number G031469, defendant contends he was improperly convicted in counts 4 and 5 of felony offenses for exhibiting a loaded firearm under section 417, subdivision (b). He argues that the statutory provision he was found guilty of violating requires that the crime be committed on the grounds of a day care center. Because there was no evidence to support this element of the offense and the jury was not instructed on it, defendant argues his convictions in counts 4 and 5 must be reversed. The Attorney General concedes defendant's interpretation of section 417, subdivision (b) is correct, but contends his convictions should be reduced to misdemeanors under a different subdivision of section 417.

We agree with defendant's contention his felony convictions under section 417, subdivision (b) for exhibiting a loaded firearm are invalid. But we conclude there is sufficient evidence to support misdemeanor convictions under a different subdivision of the same statute. We therefore reduce his convictions in counts 4 and 5 to misdemeanor offenses for exhibiting a loaded firearm under section 417, subdivision (a)(2)(B) and remand the matter for resentencing on these counts. In the unpublished parts of the opinion, we conclude there was sufficient evidence to support defendant's conviction for street terrorism. But because the trial court ordered that his sentence in count 1 run concurrent with his sentence in count 3, the judgment must be modified accordingly upon remand.

## I

## FACTS

### A. *Counts 1 and 2 (G031642)*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *Counts 3, 4, and 5 (G031469)*

Defendant's convictions for attempted kidnapping and exhibiting a loaded firearm stem from two altercations which occurred about six hours apart one morning outside of the house where he and his girlfriend, Joanna Lopez, were living. The house belonged to Lopez's aunt. Around 2:00 or 3:00 a.m., defendant pushed Lopez into some rosebushes during an argument. When Lopez's cousin, Eddy Diaz, came to her aid, defendant pointed a gun at him and then hit him in the face with it, leaving Diaz with a black eye. The fight ended, and everyone went back inside the house to sleep.

Roughly six hours later, Lopez awoke to find defendant pointing a gun at her head; he forced her to go outside. Diaz heard them arguing and came to Lopez's aid again. Defendant pointed the gun at Diaz; after Diaz tackled him to the ground, they struggled over the gun. Another cousin came out to help Diaz and together they were able to get the gun away from defendant. Diaz took the gun into the house and removed a magazine containing two bullets, items the police later recovered after being called to the scene.

Despite having made statements to the police to the contrary, Lopez testified she did not see defendant with a gun during the first incident, and she claimed she never saw him point the gun at Diaz during the second

---

\*See footnote, *ante*, page 872.

incident. She also denied telling the police that defendant put a gun to her head that morning. She admitted, however, she still loves defendant and considers him to be her boyfriend.

## II

## DISCUSSION

A.  *Counts 1 and 2 (G031642)*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B.  *Counts 3, 4, and 5 (G031469)*

Defendant contends his convictions for exhibiting a loaded firearm in violation of section 417, subdivision (b) must be reversed for lack of evidence and because the trial court failed to instruct the jury on an element of the offense, namely that it take place at a day care center or similar facility. The Attorney General concedes the trial court erred, but argues we may reduce the felony convictions to misdemeanors under section 417, subdivision (a).

In connection with the altercations involving Lopez and Diaz, defendant was charged with two felony counts of exhibiting a loaded firearm pursuant to section 417, subdivision (b), which makes it a crime for "[e]very person who, except in self-defense, in the presence of any other person, draws or exhibits any loaded firearm in a rude, angry, or threatening manner, or who, in any manner, unlawfully uses any loaded firearm in any fight or quarrel upon the grounds of any day care center, as defined in Section 1596.76 of the Health and Safety Code, or any facility where programs, including day care programs or recreational programs, are being conducted for persons under 18 years of age, including programs conducted by a nonprofit organization, during the hours in which the center or facility is open for use . . . ." Anyone who violates this provision "shall be punished by imprisonment in the state prison for 16 months, or two or three years, or by imprisonment in a county jail for not less than three months, not more than one year." (§ 417, subd. (b).)

In discussing the jury instructions, defense counsel argued that, to be a felony, the charged offense had to be committed on the grounds of a day care center or other recreational facility as stated in the statute. Since there was never any dispute that the altercations occurred outside of a private residence,

---

[*]See footnote, *ante,* page 872.

and not upon the grounds of a day care center, defendant took the position he could not be charged with violating section 417, subdivision (b). The prosecutor, however, countered that the language of section 417, subdivision (b) "describe[d] two separate and distinct crimes," one which required that the offense be committed on the grounds of a day care center and one which did not. In the prosecutor's view, the first crime proscribed in subdivision (b) occurs when a person draws or exhibits a loaded firearm in a rude, angry, or threatening manner in the presence of another; only the second crime, which prohibits using a loaded firearm in any fight or quarrel, has to be committed on the grounds of a day care center.

The court accepted the prosecutor's interpretation of the statute despite "see[ing] some problems with that statutory construction . . . ." The jury ultimately was instructed: "Every person who except in self-defense in the presence of another person draws or exhibits any loaded firearm in a rude, angry, or threatening manner is guilty of a violation of Penal Code section 417, subdivision (b). [¶] In order to prove this crime, each of the following elements must be proved: [¶] 1. A person in the presence of another person drew or exhibited a loaded firearm; [¶] 2. That person did so in a rude, angry, or threatening manner; and [¶] 3. The person was not acting in lawful self-defense." This was error.

The plain language of the provision is susceptible of two interpretations, the one urged by defendant and the one accepted by the trial court. By its terms, the provision prohibits two types of conduct—drawing or exhibiting a loaded firearm in a rude, angry or threatening manner and unlawfully using a loaded firearm in any fight or quarrel. The issue is whether both types of conduct must occur on the grounds of a day care center before a defendant can be convicted of a felony under this subdivision.

To resolve this ambiguity, we look to the other relevant provisions of the same statute and to the provision's legislative history. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192–193 [96 Cal.Rptr.2d 463, 999 P.2d 686]; *People v. Jefferson* (1999) 21 Cal.4th 86, 94 [86 Cal.Rptr.2d 893, 980 P.2d 441].) In doing so, we conclude that both support defendant's view.

The conduct proscribed in subdivision (b) of section 417, is nearly identical to that proscribed in subdivision (a)(2), which states that it is a crime for "[e]very person who, except in self-defense, in the presence of any other person, draws or exhibits any firearm, whether loaded or unloaded, in a rude, angry, or threatening manner, or who in any manner, unlawfully uses a firearm in any fight or quarrel . . . ." (§ 417, subd. (a)(2).) The crime is a misdemeanor unless it was committed in a public place. (§ 417, subd. (a)(2)(A), (B).)

■ One significant difference between the provisions is the reference to the locations of the crime. Those locations are generally referred to in subdivision (a)(2) of section 417 as public and nonpublic places, whereas subdivision (b) specifically refers to "the grounds of any day care center . . . or any facility where programs . . . are being conducted for persons under 18 years of age . . . during the hours in which the center or facility is open . . . ." (§ 417, subd. (b).) To avoid redundancy and inconsistency (see *Legacy Group v. City of Wasco* (2003) 106 Cal.App.4th 1305, 1315 [131 Cal.Rptr.2d 460]), we interpret subdivision (b), the more specific provision, as being limited to instances where the proscribed offense is committed on the grounds of a day care center or other youth facility. This interpretation is more logical than the one urged by the prosecutor and accepted by the trial court. Otherwise, exhibiting a loaded firearm in a rude, angry, or threatening manner would be arbitrarily punishable as a misdemeanor under one subdivision and as a "wobbler" under the other.

■ Our duty is to reconcile conflicting provisions in a manner that carries out the Legislature's intent. (*Wells v. Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 788 [176 Cal.Rptr. 104, 632 P.2d 217].) Turning to the legislative history behind subdivision (b) of section 417, we are confident our interpretation of its limited application is correct.

In a letter to the governor requesting support for Senate Bill No. 377, which enacted the challenged provision, the author of the bill wrote that the proposed addition of subdivision (b) to section 417 would "increase the penalty for brandishing a firearm on the grounds of a day-care center from a misdemeanor to a wobbler." (Sen. Thompson, author of Sen. Bill No. 377 (1991–1992 Reg. Sess.), letter to Governor, Sept. 18, 1991.)

The summary digest provides a more detailed explanation of Senate Bill No. 377. "Under existing law, every person who, except in self-defense, in the presence of any other person draws or exhibits any firearm, whether loaded or unloaded, in a rude, angry, or threatening manner or who in any manner unlawfully uses the firearm in any fight or quarrel is guilty of a misdemeanor punishable by imprisonment in the county jail for a term of not less than 3 months. [¶] This bill would additionally provide that every person who carries out the above conduct with any loaded firearm upon the grounds of a day care center, as defined, or any other facility or center where specified programs are conducted for persons under 18 years of age during hours in which the center or facility is open for use shall be punished by imprisonment in the state prison for one, 2, or 3 years, or by imprisonment in the county jail for a term of not less than 3 months nor more than one year." (Legis. Counsel's Dig., Sen. Bill No. 377 (1991–1992 Reg. Sess.) 4 Stats. 1991, Summary Dig., p. 566.)

Analysis of later legislation amending the penalties for violating the provision indicates the Legislature was aware of the ambiguity in the language of section 417, subdivision (b). "Current law includes a higher penalty for brandishing or using a loaded firearm in a day care center . . . than for similar crimes in other places. The language of this provision, Penal Code section 417, subdivision (b), is not particularly clear. It can be read as applying an alternate felony-misdemeanor penalty to any brandishing of a loaded firearm, or the quarrelsome use of a loaded gun at a day care or youth recreation center. [¶] The legislative history of the bill that created the higher penalties for day care brandishing . . . indicates that the intent of the Legislature was to require that the brandishing have occurred in a day care center before the more serious crime could be proved." (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 2523 (1999–2000 Reg. Sess.) as amended Apr. 12, 2000, pp. 5–6, at <http://leginfo. a.gov/pub/99-00/bill/asm/ab_2501-2550/ab_2523_cfa_20000606_163005_sen_comm. html> [as of Dec. 29, 2003].)

█  Based on our view that subdivision (b) of section 417 is intended to apply only to proscribed conduct occurring on the grounds of a day care center or other youth facility, and since it is undisputed that the challenged offenses were not committed in such a location, defendant's convictions under this provision cannot stand. The Attorney General contends that rather than vacate the felony convictions altogether, we may reduce them to misdemeanors because there is adequate evidence to support convictions under section 417, subdivision (a)(2)(B). We agree.

Appellate courts are authorized to "reduce the degree of the offense." (§ 1260.) " 'Where the prejudicial error goes only to the degree of the offense for which the defendant was convicted, the appellate court may reduce the conviction to a lesser degree and affirm the judgment as modified, thereby obviating the necessity for a retrial. [Citations.]' " (*People v. Edwards* (1985) 39 Cal.3d 107, 118 [216 Cal.Rptr. 397, 702 P.2d 555]; see also *People v. Howard* (2002) 100 Cal.App.4th 94, 99 [121 Cal.Rptr.2d 892] ["an appellate court may reduce a conviction to a lesser included offense if the evidence supports the lesser included offense but not the charged offense"].)

Defendant was charged with and convicted of exhibiting a loaded firearm in a rude, angry, or threatening manner. The overwhelming evidence shows he committed this crime twice in one day. Consequently, we reduce his convictions to the lesser included misdemeanor offenses of exhibiting a loaded firearm under section 417, subdivision (a)(2)(B) and remand the matter to the trial court for resentencing on these counts.

## III

## DISPOSITION

Appellant's convictions in counts 4 and 5 are modified to find him guilty of the misdemeanor offense of exhibiting a loaded firearm in violation of section 417, subdivision (a)(2)(B). As so modified, the judgments are affirmed, and the matter is remanded to the superior court for resentencing on counts 4 and 5. Upon remand and resentencing, the superior court is further directed to correct the judgment to show appellant's sentence in count 1 as concurrent with his sentence on the remaining counts.

Sills, P. J., and O'Leary, J., concurred.