Filed 12/8/14  P. v. Hobbs CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B251837 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. TA128248) |
| VONN RAMONE HOBBS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ronald V. Skyers, Judge.  Reversed and remanded.

California Appellate Project, Jonathan B. Steiner and Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Louis W. Karlin, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant Vonn Ramone Hobbs appeals from a judgment following his conviction for felony vandalism of a gas station window (Pen. Code, § 594, subd. (a)). He contends, and the Attorney General concedes, that the trial court erred in admitting hearsay evidence regarding the estimated repair costs for the damaged window. That testimony was the only evidence showing that the damage to the window amounted to $400 or more, the threshold for a felony conviction. Hobbs contends that this court should modify the judgment to reflect a conviction of misdemeanor rather than felony vandalism, or in the alternative, remand for a full retrial of the case. The Attorney General contends that the correct remedy is to remand the case for a retrial limited to the issue of the cost of repairs to the window.

We agree with the parties that the testimony regarding the replacement value of the window was inadmissible hearsay. We conclude that the proper remedy is to remand the case for a full retrial, and as an alternative to retrying Hobbs, the prosecutor should have the option of accepting a modification of the judgment to reflect a conviction of misdemeanor vandalism.

## PROCEDURAL BACKGROUND

Hobbs was charged by an information with felony vandalism causing damage of $400 or more, in violation of Penal Code section 594, subdivision (a).[1] It was alleged that he had been convicted of a serious or violent felony within the

---

[1] A person who damages real property other than his own is guilty of vandalism. (Pen. Code, § 594, subd. (a).) If the damage is over $400, the offense is a felony. (Pen. Code, § 594, subd. (b)(1).) Otherwise, the violation is a misdemeanor. (Pen. Code, § 594, subd. (b)(2)(A).)

meaning of the Three Strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and that he had served numerous prior prison terms pursuant to section 667.5, subdivision (b). A jury found Hobbs guilty, with a specific finding that he caused damage exceeding $400.

Pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, the trial court struck the specific offense and all but the three most recent section 667.5, subdivision (b) priors. The trial court imposed a sentence of five years in state prison, based on the middle term of two years, plus three, one-year enhancements under Penal Code section 667.5, subdivision (b). He timely appealed.

## FACTS

Miguel Herrera, a Chevron gas station cashier, testified at trial that on May 15, 2013, he was working the night shift at the gas station, seated at a cash register behind a bulletproof glass window. He observed Hobbs standing in front of the window for an extended period of time and asked him to move. Hobbs proceeded to strike the window approximately 10-15 times with what appeared to be a bicycle lock, leaving approximately 10 dents in the glass.

Deputy Sheriff Erin Higgs responded to a 911 call Herrera made while the vandalism was in progress. When the deputy arrived at the gas station, Hobbs was still standing by the cashier's window. The deputy searched Hobbs' person, and found a bicycle lock in his jacket pocket.

The gas station manager, Afraim Matthias, testified that he contacted three companies to provide estimates for the repair of the dented bulletproof glass. When Matthias was asked on direct examination about the cost estimates, defense counsel objected on hearsay grounds, but the court overruled the objection.

3

Matthias testified that it would cost $3,700 to replace the window. He further testified that the window had not yet been fixed as of the time of trial. No other evidence was introduced regarding the repair costs.

## DISCUSSION

I. *Evidence of Estimated Cost of Repair Was Inadmissible Hearsay*

The only evidence of the amount of damage to the window came from the testimony of Matthias, who testified that he contacted three companies to provide repair estimates. Over defense counsel's objection, he testified that, based on those estimates, it would cost $3,700 to fix the window.

The written cost estimates obtained by the gas station manager were inadmissible hearsay under Evidence Code section 1200, subdivision (a). (*Pacific Gas & E. Co. v. G.W. Thomas Drayage etc. Co.* (1968) 69 Cal.2d 33, 42–43 ["Since invoices, bills, and receipts for repairs are hearsay, they are inadmissible independently to prove that liability for the repairs was incurred, that payment was made, or that the charges were reasonable."].) The gas station manager's testimony summarizing those estimates likewise amounted to inadmissible hearsay. (*LeBrun v. Richards* (1930) 210 Cal. 308, 319–320 [although a property owner may testify as to his opinion of the value of his property, he may not testify "as to the cost of repairs, especially where such testimony is merely a repetition of the statements of other persons to the witness"]; *McCoy v. Gustafson* (2009) 180 Cal.App.4th 56, 111, fn. 26 [property owner not entitled to read construction company's excavation estimate to jury]; *Kitchel v. Acree* (1963) 216 Cal.App.2d 119, 125 [testimony of homeowner concerning cost to repair defective work, based on estimate from contractor, was inadmissible hearsay]; *Garfinkle v. Montgomery* (1952) 113 Cal.App.2d 149, 158-159 [lessor's testimony estimating damages based

on repair estimate was "pure hearsay"]; *Woolridge v. J.F.L. Electric, Inc.* (2002) 96 Cal.App.4th Supp. 52, 56 [car owner's testimony as to cost of repair that was based on third party estimate was inadmissible hearsay].)  Therefore, as the Attorney General concedes, the trial court erred in admitting the manager's testimony that it would cost $3,700 to fix the window.

II. *Remedy for Erroneous Admission of Hearsay Evidence*

Absent the erroneously admitted testimony from the manager, the prosecution offered no evidence that the damage to the window exceeded $400. We agree that the trial court's error was prejudicial, and that without the erroneously admitted testimony, the evidence at trial was insufficient to support the finding of felony vandalism.

Hobbs contends that we should exercise our discretion pursuant to Penal Code section 1260 to modify the judgment to reduce his conviction to misdemeanor vandalism (Pen. Code, § 594, subd. (b)(2)(A)), a lesser included offense of felony vandalism.  (*Sangha v. LaBarbera* (2006) 146 Cal.App.4th 79, 87.)  Penal Code section 1260 provides that "[t]he court may reverse, affirm, or modify a judgment or order appealed from, *or reduce the degree of the offense . . . .*"  (Pen. Code, § 1260, italics added; see *People v. Minor* (1980) 104 Cal.App.3d 194, 199 (*Minor*).)  "Where the prejudicial error goes only to the degree of the offense for which the defendant was convicted, the appellate court may reduce the conviction to a lesser degree and affirm the judgment as modified, thereby obviating the necessity for a retrial."  (*People v. Edwards* (1985) 39 Cal.3d 107, 118 (*Edwards*); see *People v. Rivera* (2003) 114 Cal.App.4th 872, 879 ["Appellate courts are authorized to 'reduce the degree of the offense'" pursuant to Penal Code section 1260].)

However, "'[a]s a general rule, when there is a conviction, rather than an acquittal or a mistrial, and the judgment of conviction is reversed on appeal . . . due to error in the trial, retrial is permitted.'" (*People v. Cooper* (2007) 149 Cal.App.4th 500, 522 (*Cooper*).) Hobbs concedes that we may reverse the conviction and remand for a retrial on the felony vandalism charges, and does not argue that such a retrial would be barred by double jeopardy principles. "'The Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding.'" (*People v. Llamas* (1997) 51 Cal.App.4th 1729, 1741 (*Llamas*), quoting *Burks v. United States* (1978) 437 U.S. 1, 11.) "However, under some circumstances a finding of insufficient evidence does not foreclose retrial. The usual situation is when a reviewing court determines reversal is required because evidence was erroneously admitted at trial and also concludes without that evidence there was insufficient evidence to support conviction. The situation is treated as mere 'trial error' which does not invoke the double jeopardy clause." (*Llamas, supra,* 51 Cal.App.4th at p. 1741.)

Our Supreme Court addressed this scenario most recently in *People v. Story* (2009) 45 Cal.4th 1282 (*Story*). The court noted that "'where the evidence offered by the State and admitted by the trial court—whether erroneously or not—would have been sufficient to sustain a guilty verdict, the Double Jeopardy Clause does not preclude retrial.' (*Lockhart v. Nelson* (1988) 488 U.S. 33, 34.) Accordingly, 'a reviewing court must consider all of the evidence admitted by the trial court in deciding whether retrial is permissible under the Double Jeopardy Clause . . . .' (*Id.* at p. 41.) We have followed the high court in this regard. (*People v. Venegas* (1998) 18 Cal.4th 47, 94–95, quoting *Lockhart v. Nelson, supra*, 488 U.S. at p. 40 ["'[r]etrial of this case is not precluded, since the erroneously admitted evidence

6

was sufficient to permit a finding of guilt beyond a reasonable doubt"']; *People v. Mattson* (1990) 50 Cal.3d 826, 853, fn. 16 ['The high court held there that mere trial court error in the admission of evidence does not preclude retrial if, with the erroneously admitted evidence, there was sufficient evidence to support the judgment of conviction.'].)" (*Story, supra,* 45 Cal.4th at pp. 1296-1297; see *Cooper, supra,* 149 Cal.App.4th at p. 522 ["'The double jeopardy clause does not bar retrial after a reversal based on the erroneous admission of evidence if the erroneously admitted evidence supported the conviction.'"].) Because the evidence introduced at Hobbs' trial, including the hearsay evidence, was sufficient to support Hobbs' conviction for felony vandalism, a retrial would not run afoul of double jeopardy protections. (*Lockhart v. Nelson, supra*, 488 U.S. at p. 40; *Story, supra*, 45 Cal.4th at pp. 1296-1297.)

We conclude that the proper remedy in Hobbs' case is not to reduce the judgment of conviction to misdemeanor vandalism, but rather to reverse the conviction.**[2]** In the original trial, the prosecutor properly relied on the trial court's (erroneous) ruling admitting the hearsay evidence and did not seek to introduce cumulative evidence of the repair costs. (*People v. Harvey* (1984) 163 Cal.App.3d 90, 107 ["where a trial court has ruled certain evidence admissible, the prosecutor

---

**[2]** Hobbs also contends that this court has discretion under Penal Code section 1181, subdivision 6 to modify the judgment to reflect a misdemeanor conviction. That provision provides that "if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial . . . ." (Pen. Code, § 1182, subd. 6.) However, in moving for a new trial, Hobbs did not raise the issue of the inadmissible hearsay being the sole evidence supporting the finding of damages over $400. Moreover, he withdrew the motion. Thus, he forfeited the argument based on Penal Code section 1181, subdivision 6. Further, even if he had not forfeited the argument, we would reach the same result as above, and conclude that reversal of the conviction, rather than a reduction of the offense to a misdemeanor, is the appropriate remedy here.

7

should be entitled to rely on that ruling in deciding not to introduce other available evidence which might be cumulative, confusing or perhaps not as persuasive"].) At a retrial, the People may introduce other, non-hearsay evidence of the repair costs that it chose not to introduce at the first trial.

However, contrary to the Attorney General's contention, we may not properly order a limited retrial, in which only the issue of damages is tried. Rather, we agree with Hobbs that a full retrial is required. "Where the record on appeal discloses trial error affecting the fairness and reliability of the guilt determination process, the normal remedy is outright reversal; in that instance it would usually not be considered 'just under the circumstances' to direct the trial court to take further proceedings aimed narrowly at the specific error." (*Minor, supra,* 104 Cal.App.3d at p. 199.) This situation is to be distinguished from one in which "the trial is free of prejudicial error and the appeal prevails on a challenge which establishes only the existence of an unresolved question which may or may not vitiate the judgment," in which case appellate courts may direct the trial court to take evidence and conduct proceedings limited to the determination of that unresolved question. (*Ibid.*; see *People v. Gaines* (2009) 46 Cal.4th 172, 180 ["""[W]hen the validity of a conviction depends solely on an unresolved or improperly resolved factual issue which is distinct from issues submitted to the jury, such an issue can be determined at a separate post-judgment hearing and if at such hearing the issue is resolved in favor of the People, the conviction may stand." [Citation.]""].) In Hobbs' case, the erroneous admission of the hearsay evidence affected the fairness of the jury's verdict finding him guilty of felony vandalism. As such, a full retrial on all the elements of the offense, rather than a limited retrial on the issue of damages, is required.

However, "[w]hen a greater offense must be reversed, but a lesser included offense could be affirmed, we give the prosecutor the option of retrying the greater offense, or accepting a reduction to the lesser offense."  (*People v. Kelly* (1992) 1 Cal.4th 495, 528; see *People v. Woods* (1992) 8 Cal.App.4th 1570, 1596.)  If, after the filing of the remittitur in the trial court, the People do not bring Hobbs to retrial within the time limit of Penal Code section 1382, subdivision (a)(2) on the charged offense of felony vandalism, the trial court shall proceed as if the remittitur constituted a modification of the judgment to reflect a conviction of the lesser included misdemeanor offense of misdemeanor vandalism, and shall resentence Hobbs accordingly.  (*Edwards, supra*, 39 Cal.3d at p. 118.)

**DISPOSITION**

The conviction for felony vandalism is reversed with the following directions:  If, after the filing of the remittitur in the trial court, the People do not bring Hobbs to retrial within the time limit of Penal Code section 1382, subdivision (a)(2) on the charged offense of felony vandalism, or if the People file a written election not to retry Hobbs, the trial court shall proceed as if the remittitur constituted a modification of the judgment to reflect a conviction of the lesser included misdemeanor offense of misdemeanor vandalism, and shall resentence Hobbs accordingly.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P.J.



We concur:




MANELLA, J.




COLLINS, J.



10