Filed 8/13/25; Certified for Publication 9/9/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Appellant, | G064274 |
|      v. | (Super. Ct. No. 20HF0795) |
| JACOB FREDERICK BALL, | O P I N I O N |
|    Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, Gary S. Paer, Judge. Reversed and remanded with direction.

Todd Spitzer, District Attorney, and Brendan Sullivan, Deputy District Attorney, for Plaintiff and Appellant.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Respondent.

The Orange County District Attorney appeals from an order setting aside a count alleging that Jacob Frederick Ball brandished a firearm at a motor vehicle occupant. (Pen. Code, § 417.3.)[1] We hold the statute sets forth an objective test about causing fear and does not require a victim to subjectively experience it. Because the count was set aside based on a lack of evidence of subjective fear, we reverse.

## FACTS

On a parkway one night in 2020, Ball pointed a handgun in another driver's direction before speeding away to a freeway onramp. Ball's vehicle had been stopped on the passenger side of the driver's vehicle, at a traffic signal. The driver had taken a picture of Ball's license plate number after witnessing him drive recklessly. After the driver called 9-1-1, police found Ball at his home, and found a handgun and black gloves in his vehicle. Ball was charged with a felony violation of brandishing a firearm at a person in a motor vehicle (§ 417.3; count 1) and two misdemeanors.

At a preliminary hearing, the magistrate (Judge Joy Weisenfeld Markman) heard testimony as to these facts and found there was probable cause to hold Ball to answer all counts charged.

The trial judge (Judge Gary S. Paer) later granted defendant's motion to dismiss count 1. (§ 995.) It reasoned there was no evidence that the brandishing caused the driver any subjective fear.

## DISCUSSION

An information "shall be set aside" if a defendant has been "committed without reasonable or probable cause." (§ 995, subd. (a)(2)(B).) "'Evidence that will justify a prosecution need not be sufficient to support a

---

[1] All undesignated statutory references are to the Penal Code.

2

conviction.'" (*People v. Scully* (2021) 11 Cal.5th 542, 582.) Sufficient cause exists "'"if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it."'" (*Ibid*.)

"'[W]here the facts are undisputed, the determination of probable cause "constitute[s] a legal conclusion which is subject to independent review on appeal."'" (*People v. Black* (2017) 8 Cal.App.5th 889, 898.) We review the magistrate's probable cause determination and disregard the trial court's section 995 ruling. (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.)

We conclude count 1 should be reinstated because the Legislature did not intend to require that the brandishing victim experience subjective fear. The statute states: "Every person who, except in self-defense, in the presence of any other person who is an occupant of a motor vehicle proceeding on a public street or highway, draws or exhibits any firearm, whether loaded or unloaded, in a threatening manner against another person in such a way as to cause *a reasonable person* apprehension or fear of bodily harm is guilty of a felony." (§ 417.3, italics added.)

We find the phrase "a reasonable person" indicates the statute requires only that the "threatening manner" of brandishing be done "in such a way" that it would objectively cause fear. We have not found any legislative history to the contrary. When drafting the standard jury instruction for a section 417.3 charge, the Judicial Council included only an objective element: "The defendant drew or exhibited the firearm against the other person in a threatening manner that would cause a reasonable person to fear bodily harm." (CALCRIM No. 980.) It omitted any subjective element. And in addressing the related misdemeanor of deadly weapon brandishing, the court

3

long ago held that a victim does not even need to be aware of the brandishing. (*People v. McKinzie* (1986) 179 Cal.App.3d 789, 794.)

The Legislature knows how to specify a subjective element when it wants to require one. For example, section 422 prohibiting criminal threats imposes a subjective element by requiring the threat to "cause[] that person" to experience fear.[2] (*People v. Holmes, McClain and Newborn* (2022) 12 Cal.5th 719, 810 [criminal threat requires reasonable fear *and* actual fear sustained by recipient].)

We are unpersuaded by Ball's reliance on *People v. Lara* (1996) 43 Cal.App.4th 1560. That court resolved whether the victim had to "actually be the occupant of a vehicle." (*Id.* at pp. 1565–1566.) In addressing the occupancy requirement, *Lara* assumed "the brandishing reasonably generated apprehension or fear of bodily harm on the part of the person threatened." (*Id.* at p. 1565.) But "'"[l]anguage used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered."'" (*People v. Carroll* (2014) 222 Cal.App.4th 1406, 1418.)

The same principle applies to *People v. Howard* (2002) 100 Cal.App.4th 94, which the trial judge cited in dismissing count 1. *Howard* overturned a section 417.3 conviction because the victim's vehicle had "c[o]me

---

[2] Section 422, subdivision (a) states: "Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person . . . which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, *and thereby causes that person reasonably to be in sustained fear* for his or her own safety or for his or her immediate family's safety, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison." (Italics added.)

to a stop in the center median of a street" (*Howard*, at pp. 96, 99) and the statute requires a "'motor vehicle [to be] *proceeding* on a public street or highway'" (*id.* at p. 97, italics added). Any discussion about subjective fear was unnecessary to its holding.

In sum, the statute's plain meaning supports the magistrate's ruling that there was probable cause to hold Ball to answer on count 1. Section 417.3 did not require the district attorney to show that the victim actually experienced fear.[3]

## DISPOSITION

The trial court's order granting Ball's section 995 motion is reversed and the court is directed to reinstate count 1 of the February 8, 2023, information filed in this matter.


SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


GOODING, J.

---

[3] Ball does not persuade us there was insufficient evidence he "actually did anything with the firearm that could be considered threatening." (*People v. Black, supra*, 8 Cal.App.5th at p. 898 [review of disputed facts requires drawing reasonable inferences in favor of information].)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>      v.<br><br>JACOB FREDERICK BALL,<br><br>    Defendant and Respondent. | G064274<br><br>(Super. Ct. No. 20HF0795)<br><br>ORDER GRANTING REQUEST FOR PUBLICATION |

The Orange County District Attorney has requested that our opinion filed August 13, 2025, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

The opinion is ordered published in the Official Reports.

SCOTT, J.

WE CONCUR:


MOORE, ACTING P. J.


GOODING, J.